**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Estelle ROGERS, Defendant–Appellant.**

**No. 89–5029.**

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 2, 1989.
Decided Feb. 26, 1990.

John Herman Hare (argued), Asst. Federal Public Defender, for defendant-appellant.

Eric William Ruschky, Asst. U.S. Atty., E. Bart Daniel, on the brief, U.S. Atty., for plaintiff-appellee.

Before PHILLIPS and WILKINSON, Circuit Judges, and FOX, United States District Judge for the Eastern District of North Carolina, sitting by designation.

PHILLIPS, Circuit Judge:

This case presents the question whether the district court retains discretion to impose a concurrent sentence on an offender who commits the offense while serving an unexpired sentence for an unrelated offense. The district court ruled that it was without discretion under the United States Sentencing Guidelines (U.S.S.G.) and ordered that Estelle Rogers' sentence run consecutively to an earlier, unexpired federal sentence. We believe the district court erred in failing to recognize that it had discretion to depart from the guidelines and sentence either concurrently or consecutively; we therefore remand for resentencing.

I

Rogers was convicted in December 1983 of uttering and publishing a forged United States Treasury check.[1] She was sentenced in March 1984 under the now repealed Youth Corrections Act (YCA).[2] Rogers was paroled in March 1985 but recommitted to federal custody for parole violations. She was a resident at the Austin Wilkes Home, a pre-release facility in Columbia, South Carolina, which contracts with the Bureau of Prisons, when she walked away from custody in June 1988. She was arrested in Youngstown, Ohio, two months later and returned to the District of South Carolina.

Rogers pled guilty to one count of escape in violation of 18 U.S.C. § 751(a). The district court sentenced Rogers on January 31, 1989, to twenty-seven months imprisonment followed by two years supervised release with drug abuse treatment. The court ordered, after hearing argument by counsel and considering U.S.S.G. § 5G1.3, that the sentence would run consecutively to the unexpired term of the YCA sentence.[3] The court indicated a belief that it was without any discretion to consider a concurrent sentence. Rogers' only contention on appeal is that the district court did have discretion under 18 U.S.C. § 3584 to consider her request to impose the escape sentence concurrently with her YCA sentence, and that we should remand to allow an exercise of that discretion.[4]

II

We begin our discussion, as we do in any case involving a question of statutory interpretation, with the language of the relevant statutes. Section 3584(a) of Title 18, enacted as part of the Sentencing Reform Act of 1984, provides that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively.... Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). In considering whether to impose concurrent or consecutive sentences, district courts are directed to consider the factors enumerated

1. *See* 18 U.S.C. § 495.

2. *See* 18 U.S.C. §§ 5010(b), 5017(c) (repealed 1984).

3. At the sentencing hearing, the United States Attorney indicated that Rogers' parole date for the YCA sentence would be set back, but he did not know the exact effect of the escape conviction on that earlier sentence. Rogers' parole date was set back, but she was eventually paroled on the YCA sentence in March 1989 and began serving the escape sentence at that time. She will not be unconditionally discharged on the YCA sentence until May 1991.

4. A defendant may appeal a district court's ruling that it did not have discretion to depart from the guidelines. *See* 18 U.S.C. § 3742(a)(1), (2); *see also United States v. Fossett*, 881 F.2d 976, 979 (11th Cir.1989).

at 18 U.S.C. § 3553(a). *Id.* § 3584(b). Among the factors the court must consider in determining whether to impose a consecutive or concurrent sentence are the guidelines promulgated by the Sentencing Commission that are in effect at the time the defendant is sentenced, *id.* § 3553(a)(4), and Congress mandated that the guidelines generally be given preeminent weight in any sentencing decision.

> The court shall impose a sentence of the kind, and within the range, referred to in subsection (a)(4) unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.

*Id.* § 3553(b).

The Sentencing Reform Act of 1984 also established the United States Sentencing Commission and charged that body with the responsibility to promulgate uniform guidelines for the use of federal courts in criminal sentencing decisions. *See* 28 U.S.C. §§ 991, 994. Consistent with the overall statutory scheme,[5] the statute delegating power to the Commission to establish the guidelines directs the Commission to "promulgate ... (1) guidelines ... for use of a sentencing court in determining the sentence to be imposed in a criminal case, including ... (D) a determination whether multiple sentences to terms of imprisonment should be ordered to run concurrently or consecutively." *Id.* § 994(a)(1)(D). Pursuant to this charge, the Commission promulgated Sentencing Guideline § 5G1.3. The guideline provided, at the time Rogers was sentenced, in pertinent part:

> If at the time of sentencing, the defendant is already serving one or more unexpired sentences, then the sentences for the instant offense(s) *shall run con-*secutively* to such unexpired sentences, unless one or more of the instant offense(s) arose out of the same transactions or occurrences as the unexpired sentences.

U.S.S.G. § 5G1.3 (Oct. 1987) (emphasis added).

Guideline § 5G1.3, along with the accompanying commentary, was deleted and replaced with a new guideline, effective November 1, 1989.[6] U.S.S.G.App. C, at 149–50 (Nov. 1989). The new guideline provides:

> If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status), the sentence for the instant offense shall be imposed to run consecutively to the unexpired term of imprisonment.

U.S.S.G. § 5G1.3 (Nov. 1989). The *Guidelines Manual* makes clear that "[t]he purpose of this amendment is to specify the circumstances in which a consecutive sentence is required by the guidelines." U.S.S.G.App. C, at 150 (Nov.1989). If the instant offense was committed while the defendant was serving an unexpired term of imprisonment, the court must sentence consecutively; if the defendant is serving an unexpired term of imprisonment but did not commit the instant offense while serving that sentence, the court has discretion to sentence concurrently or consecutively. U.S.S.G. § 5G1.3 comment (Nov. 1989).

### III

Several courts have considered the question whether, in light of the mandatory language in Guideline § 5G1.3, district courts nevertheless retain discretion under 18 U.S.C. § 3584(a) to impose a second sentence concurrent with the unexpired term of an earlier sentence. Each court that has addressed the question has concluded that district courts retain discretion to direct that a second sentence run concurrently

---

5. *See* 18 U.S.C. § 994(a) (guidelines must be "consistent with all pertinent provisions of [title 28] and title 18"); *id.* § 994(b)(1) (Commission's guidelines shall "establish a sentencing range that is consistent with all pertinent provisions of title 18, United States Code").

6. Congress contemplated that the Commission would revise and amend the guidelines and provided specific statutory authority for the amendment process. *See* 28 U.S.C. § 994(p).

with the unexpired term of an earlier sentence. *See, e.g., United States v. Smitherman,* 889 F.2d 189, 191 (8th Cir.1989); *United States v. Wills,* 881 F.2d 823, 826 (9th Cir.1989); *United States v. Fossett,* 881 F.2d 976, 980 (11th Cir.1989). Though courts have uniformly concluded that district courts retain discretion to sentence concurrently or consecutively, different reasoning has been adopted to reach that result. The court in *Wills* perceived a basic conflict between Guideline § 5G1.3 and 18 U.S.C. § 3584(a) and resolved that conflict by holding that the guideline could not eliminate the discretion unambiguously conferred by the statute. *Wills,* 881 F.2d at 825–27. In *Fossett,* the court indicated that a district court could impose a second sentence concurrent to the unexpired term of an earlier sentence "only if the court had followed the procedures for departing from the sentencing guidelines." *Fossett,* 881 F.2d at 980; *see also Smitherman,* 889 F.2d at 191 (noting that departure from guidelines is possible, but also that district court shall take into consideration seven factors enumerated in § 3553(a)).

We think that the departure analysis applied in *Fossett,* and followed by some district courts, *see United States v. Bell,* 716 F.Supp. 1207, 1214 (D.Minn.1989); *see also United States v. Scott,* CR No. JH–87–0570, 1988 WL 142126 (D.Md. May 23, 1988), properly reconciles the statutory discretion given to district courts in 18 U.S.C. § 3584(a) with the statutory mandate to the Sentencing Commission to promulgate guidelines to be used by courts in determining whether to sentence concurrently or consecutively. *See also United States v. Mendez,* 691 F.Supp. 656, 664 (S.D.N.Y. 1988) (reconciling Guideline § 5G1.3 with 18 U.S.C. § 3584(a)); *United States v. Amesquita–Padilla,* 691 F.Supp. 277, 289–90 (W.D.Wash.1988) (Guideline § 5G1.3 consistent with Sentencing Reform Act). Congress provided that the guidelines sentence normally "shall" be imposed unless the court finds that the Commission failed to adequately take into consideration a relevant sentencing factor. *See* 18 U.S.C. § 3553(b). The guidelines' liberal departure policy is drawn from § 3553(b), and reflects a conscious decision by the Commission not to limit, with a few specific exceptions, the factors that could constitute grounds to depart from the guidelines sentence. *See* U.S.S.G. Ch. 1, Pt. A, at 6 (Nov. 1989).

The guidelines recognize two different kinds of departure. *See id.* at 7. In some cases, the particular guideline at issue may suggest circumstances or factors that, if present, may provide the basis for departure. As originally adopted, the commentary to Guideline § 5G1.3 provided that "[d]eparture would be warranted when independent prosecutions produce anomalous results that circumvent or defeat the intent of the guidelines." U.S.S.G. § 5G1.3 comment (Oct. 1987). Whether or not the relevant guideline provides such "guidance for departure," however, courts retain a general discretion to depart that is not limited to consideration of the general grounds for departure listed in the guidelines. *Id.* Ch. 1, Pt. A, at 7 (Nov. 1989); *see id.* Ch. 5, Pt. K ("Departures"). If the court believes that there are factors relevant to the sentencing decision which have not been adequately considered by the Commission, discretionary departure, subject to review for reasonableness, *see* 18 U.S.C. § 3553(c); *id.* § 3742(e)(3), is an available option.

IV

The district court in this case properly considered Guideline § 5G1.3 when Rogers raised the question whether her escape sentence would be imposed consecutively or concurrently with the unexpired term of her YCA sentence. Rogers escaped and was ultimately convicted and sentenced for that offense while serving the sentence imposed under the YCA. By its terms,[7] the

---

7. The escape offense did not arise "out of the same transaction[ ] or occurrence[ ] as the unexpired sentence[ ]," making the exception in

Guideline § 5G1.3 inapplicable. *See* U.S.S.G. § 5G1.3 (Oct. 1987).

guideline in effect at the time Rogers was sentenced required consecutive sentencing.[8]

The district court erred, however, when it concluded that it had no retained discretion to depart from the mandatory imposition of consecutive sentences under Guideline § 5G1.3.

We therefore vacate the judgment of the district court and remand with instructions to consider whether grounds exist to depart from the guidelines and impose Estelle Rogers' escape sentence concurrently with the unexpired term of her YCA sentence. *See* 18 U.S.C. § 3742(f)(1). The commentary to the guidelines in effect at the time Rogers was originally sentenced provided that departure "would be warranted when independent prosecutions produce anomalous results that circumvent or defeat the intent of the guidelines." U.S.S.G. § 5G1.3 comment (Oct. 1987). On remand the district court is not restricted to this somewhat amorphous ground for departure. The district court may, consistent with the intent of Congress and the Sentencing Commission, consider any factor relevant to the sentencing decision that it might conclude has not been adequately considered by the Commission in formulating the guidelines.[9]

In remanding for this purpose we of course express no opinion as to whether a departure might be warranted. We remand only to permit the exercise of a discretion which the district court erroneously thought it did not possess; not to direct or even to intimate the proper exercise of that discretion.

---

8. Amended Guideline § 5G1.3 also makes clear that the district court generally must sentence consecutively if the offender, like Rogers, commits the instant offense while serving an unexpired term of imprisonment. U.S.S.G. § 5G1.3 & comment (Nov. 1989).

9. Under the Sentencing Reform Act, the district court is to consider the guidelines and policy statements of the Commission that are in effect on the date the offender is *sentenced.* *See* 18 U.S.C. § 3553(a)(4), (5); *see also* S.Rep. No. 225, 98th Cong., 2d Sess. 77–78, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3260–61.

VACATED AND REMANDED WITH INSTRUCTIONS.

Because we hold that the district court always retains properly informed discretion to depart from the guidelines, and because under both the former and the amended versions of Guideline § 5G1.3 Rogers normally would receive a sentence consecutive to the unexpired term of her earlier sentence, we need not determine whether on remand the district court should, if the applicable guideline has been amended since the defendant was sentenced, apply the guideline in effect at the time of *resentencing* or the guideline in effect at the time of the original sentencing.