959 F.2d 232
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Ronald Floyd JACKSON, Defendant-Appellant.
 No. 91-5156.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 27, 1991
Decided: April 6, 1992
 
 John H. Hare, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.
 E. Bart Daniel, United States Attorney, William E. Day, II, Assistant United States Attorney, Florence, South Carolina, for Appellee.
 Before WIDENER and PHILLIPS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Ronald Floyd Jackson appeals his sentence which was imposed after he pled guilty, pursuant to a plea agreement, to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. §§ 922(g)(1) and 924(a) (West Supp. 1991). Jackson was sentenced to sixty-three months imprisonment to run consecutively to an unrelated state sentence he was serving at the time of sentencing. The sentence was imposed pursuant to the Sentencing Reform Act of 1984, 18 U.S.C.A. §§ 3551-3586 (West Supp. 1991).
 
 
 2
 At the sentencing hearing, the district court stated its belief that the sentencing guidelines did not permit it to order a concurrent sentence. The court also stated that even if it had such authority, it would refuse to exercise it in this case.
 
 
 3
 The only issue raised on appeal is the district court's authority to order a concurrent sentence. Although we are of the view that the district court did have discretion to impose either a concurrent or consecutive sentence, in light of the court's remarks at the sentencing hearing, we affirm the sentence as ordered by the court below.
 
 
 4
 Jackson was sentenced on February 27, 1991. The relevant guideline in effect at the time of sentencing[1] stated:
 
 
 5
 Imposition of a Sentence on a Defendant Serving an Unexpired Term of Imprisonment
 
 
 6
 If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status), the sentence for the instant offense shall be imposed to run consecutively to the unexpired term of imprisonment.
 
 
 7
 U.S.S.G. § 5G1.3 (Nov. 1990).[2] The Commentary provided that either a concurrent or consecutive sentence could be imposed if the instant offense was not committed while the defendant was serving the prior term of imprisonment.
 
 
 8
 The offense conduct charged in this case occurred in February 1990. In August 1990, Jackson was arrested for an unrelated state drug offense for which he was imprisoned at the time he was sentenced on the federal charges. Since the federal offense to which Jackson pled guilty was not committed while he was serving a term of imprisonment, the district court had discretion to impose a consecutive or concurrent sentence.
 
 
 9
 Although the district court may have misstated its authority to order a concurrent sentence, it was unequivocal in its unwillingness to do so in the event that it had such authority. Therefore, any error in its belief about the existence of that discretion is harmless. See United States v. Cooper, 912 F.2d 344, 348 (9th Cir. 1990) (district court stated it would have imposed same sentence regardless of determination on obstruction of justice issue, therefore resentencing not required); cf. United States v. Rogers, 897 F.2d 134, 138 (4th Cir. 1990) (district court erred when it refused to consider concurrent sentence despite its general authority to depart from guidelines and case remanded).
 
 
 10
 For these reasons, we affirm Jackson's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Generally, the guidelines in effect on the date of sentencing should be used in determining the sentence. 18 U.S.C. § 3553(a)(4) (1988); United States v. Cusack, 901 F.2d 29 (4th Cir. 1990)
 
 
 [2]
 This section was amended, effective November 1, 1991. The amendment would have severely limited the sentencing court's discretion to impose a concurrent sentence in this case