995 F.2d 1064
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony PATRICK, Defendant-Appellant.
 No. 92-5221.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 7, 1993.
Decided: June 21, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph H. Young, Senior District Judge. (CR-91-348-B)
 Robert T. Durkin, Law Offices of Solomon & Durkin, Baltimore, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, Beth P. Gesner, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 VACATED AND REMANDED.
 Before HALL, MURNAGHAN, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Anthony Patrick pled guilty to assault during a bank robbery, 18 U.S.C.A. §§ 2113(d), (f) (West 1984 & Supp. 1992), 2 (West 1969), (Count Three), and bank robbery, 18 U.S.C.A. § 2113(a), (f) (West 1984 & Supp. 1992), (Count Five). He appeals the sentence imposed. We vacate the sentence and remand for resentencing.
 
 
 2
 With David Cloutterbuck, Anthony Patrick robbed two banks in Maryland in October and November 1990. In 1991, Patrick pled guilty in federal court in the District of Columbia to robbing a bank there and was sentenced under the federal sentencing guidelines to a term of 87 months. He subsequently entered a guilty plea to robbery of the two Maryland banks and assisted in the prosecution of Cloutterbuck. In calculating a guideline range of 92-115 months for these offenses, the probation officer followed section 5G1.3(b)[1] and used the multiple count rules to compute a combined adjusted offense level for both the Maryland bank robberies and the District of Columbia bank robbery.
 
 
 3
 At the sentencing hearing, the government attorney and the probation officer advised the district court that section 5G1.3 required a sentence which was concurrent with the District of Columbia sentence Patrick was serving, except for that portion which exceeded 87 months. However, the district court imposed a sentence of 92 months on Count Three, to be consecutive to the prior sentence, and a sentence of 110 months on Count Five, to be concurrent with the sentence on Count Three. Patrick contends on appeal that the district court erred in imposing a consecutive sentence. The government argues that the district court had the authority to impose a consecutive sentence pursuant to 18 U.S.C. § 3584(b) (1988), but does not oppose resentencing.
 
 
 4
 When sentencing a defendant who is serving a prior sentence imposed under the federal sentencing guidelines to whom the provisions of U.S.S.G. § 5G1.3 do not apply, the district court is required by section 5G1.3(b) to impose a sentence equal to that which would have been imposed if all the sentences had been imposed at the same time. However, 18 U.S.C. § 3584(a) allows the court to impose either concurrent or consecutive sentences in this situation. This Court has previously resolved the conflict by holding that the district court has the discretion to impose a sentence different from that provided for in section 5G1.3, but that if it does so, the court must follow the procedures for a departure from the guidelines, and its decision will be reviewed as a departure. United States v. Rogers, 897 F.2d 134 (4th Cir. 1990).
 
 
 5
 In this case, the district court neither imposed the concurrent sentence called for under section 5G1.3(b) nor identified factors which were not adequately considered by the Sentencing Commission, and which would warrant a consecutive sentence. We therefore vacate the judgment and remand the case for resentencing. On remand, the district court should impose a sentence concurrent with Patrick's District of Columbia sentence of 87 months or follow the procedure for[2] departure.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 SENTENCE VACATED AND REMANDED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)
 
 
 [2]
 We note that the district court also deviated from the guidelines by imposing a longer sentence for Count Five than for Count Three. See U.S.S.G. § 5G1.2(b)