4 F.3d 987
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Herbert JOHNSON, Defendant-Appellant.
 No. 92-5720.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 14, 1993.
Decided: August 24, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr., Senior District Judge. (CR-90-113-R)
 John B. Mann, Levit & Mann, Richmond, Virginia, for Appellant.
 Kenneth E. Melson, United States Attorney, Howard C. Vick, Jr., Assistant United States Attorney, Catherine Stuart Greer, Third Year Intern, Richmond, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON, HAMILTON, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Herbert Johnson was convicted of conspiracy to distribute five kilograms of cocaine, 21 U.S.C.A. Sec. 846 (West Supp. 1993) and one count of distribution of cocaine, 21 U.S.C.A. Sec. 841 (West 1981 & Supp. 1993). The district court initially imposed a term of eighteen years for the conspiracy and a consecutive term of twelve years for the distribution count in the belief that the sentencing guidelines did not apply to either offense, but made a finding that Johnson had not withdrawn from the conspiracy prior to November 1988. We remanded Johnson's case for resentencing on the conspiracy count with instructions to apply the guidelines to that conviction. United States v. Johnson, No. 91-5322 (4th Cir. June 18, 1992) (unpublished).
 
 
 2
 On remand, the district court sentenced Johnson to a term of 200 months, to be concurrent with the sentence for the distribution count and consecutive to the eight-year federal sentence he received in 1988 for two firearms convictions. Johnson appeals this sentence. We affirm.
 
 
 3
 First, Johnson contends that the district court clearly erred in finding that he had more than a minor role in the conspiracy and refusing to grant him a reduction under guideline section 3B1.2.* Johnson had the burden of showing by a preponderance of the evidence that a mitigating adjustment was warranted. United States v. Urrego-Linares, 879 F.2d 1234 (4th Cir.), cert. denied, 493 U.S. 943 (1989). We agree with the district court that he did not meet this burden, his youth during the period of his participation notwithstanding.
 
 
 4
 Johnson also argues that the district court erred in attributing to him the whole five kilograms of cocaine distributed during the life of the conspiracy without making an inquiry into what amount was reasonably foreseeable to him. Johnson is correct in his view that his conviction of conspiracy does not automatically mean that the whole amount of drugs distributed by the conspiracy is attributable to him as relevant conduct for sentencing purposes. Under guideline section 1B1.3(a)(1) and its commentary, only conduct of co-conspirators which was within the scope of the defendant's own agreement or reasonably foreseeable to him is considered in determining his sentence. Whether the entire amount of drugs was foreseeable to Johnson is a factual question. United States v. Vinson, 886 F.2d 740 (4th Cir. 1989), cert. denied, 493 U.S. 1062 (1990).
 
 
 5
 However, during the sentencing proceeding, Johnson did not dispute the amount of cocaine used by the probation officer to calculate his offense level. Because the issue is raised for the first time on appeal, we employ only plain error review, and Johnson must make a showing of prejudice to obtain relief. United States v. Olano, 61 U.S.L.W. 4421, 4424 (U.S. 1993). The evidence before us does not conclusively show that Johnson could not have foreseen the distribution of five kilograms of cocaine.
 
 
 6
 The district court also did not plainly err in failing to group Johnson's 1988 firearms convictions with the instant offenses. Only when a defendant is sentenced on multiple counts at the same time are the counts grouped under Chapter Three, Part D, of the guidelines.
 
 
 7
 Johnson contends that the district court should have made the conspiracy sentence concurrent with his 1988 firearms sentence under guideline section 5G1.3. Although in some instances section 5G1.3(b) requires the court to impose a sentence equal to the combined punishment due for current and prior offenses, a consecutive sentence was required in Johnson's case because the conspiracy offense was committed in part while he was serving a term of imprisonment. U.S.S.G. Sec. 5G1.3(a), comment. (n.1). The district court could have imposed a concurrent sentence only if it followed the procedures for departure. United States v. Rogers, 897 F.2d 134 (4th Cir. 1990). Johnson did not request a departure, and a failure to depart is, in any case, not reviewable. United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 498 U.S. 819 (1990).
 
 
 8
 We find no violation of Fed. R. Crim. P. 32(c)(3)(D) because the transcript reflects that the district court properly noted its findings on each controverted matter at the sentencing hearing. See United States v. Morgan, 942 F.2d 243 (4th Cir. 1991); United States v. Hill, 766 F.2d 856 (4th Cir.), cert. denied, 474 U.S. 923 (1985). Since the district court did not resolve any of the matters in Johnson's favor, reversal is not warranted even if the transcript was not appended to the presentence report. Hill, 766 F.2d at 859. Johnson's final claim, that this Court lacked jurisdiction to remand his case for resentencing under the guidelines, is without merit. An appellate court always has the discretion to notice and correct plain error. Fed. R. Crim. P. 52(b).
 
 
 9
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)