65 F.3d 167
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Scotty ROACH, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Scotty ROACH, Defendant-Appellant.
 Nos. 94-5162, 94-5163.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 31, 1995.
Decided: Sept. 5, 1995.
 
 Appeals from the United States District Court for the Middle District of North Carolina, at Winston-Salem. Frank W. Bullock, Jr., Chief District Judge. (CR-93-122, CR-93-205)
 Cynthia Ann Hatfield, Hatfield & Hatfield, Greensboro, NC, for Appellant. Walter C. Holton, Jr., United States Attorney, John W. Stone, Jr., Assistant United States Attorney, Greensboro, NC, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before WILKINSON, WILKINS, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Scotty Roach appeals his convictions and sentences in connection with two bank robberies which occurred in March and April 1993. Roach pled guilty to two counts of the first indictment, which charged him with an April 5, 1993, bank robbery with a dangerous weapon, 18 U.S.C. Sec. 2113(d) (1988), and carrying a firearm during the course of that robbery. 18 U.S.C.A. Sec. 924(c) (West Supp.1994). Roach was found guilty after a jury trial of three counts of the second indictment, which charged him with a March 18, 1993, bank robbery, 18 U.S.C. Sec. 2113(a) (1988), bank robbery with a dangerous weapon, 18 U.S.C. Sec. 2113(d), and carrying a firearm during the course of that robbery. 18 U.S.C.A. Sec. 924(c). Roach noted a timely appeal to his convictions.
 
 
 2
 Roach raises four claims on appeal. Initially, he contends that the district court committed "plain error" in failing to exclude Edsel Tisdale's testimony after counsel informed the court that the Government's witnesses, Tisdale and Domaine Martin, had been arguing. Next, Roach claims that the district court erred in allowing Martin to testify regarding the bank robbery on April 5. Roach then asserts that there was not sufficient evidence to sustain a conviction. Finally, Roach argues that the district court failed to recognize its discretion to depart from the sentencing guidelines based on an overstated criminal history. Because none of these assignments of error has merit, the convictions and sentences are hereby affirmed.
 
 
 3
 Less than an hour before the trial, defense counsel reported to the district court the substance of a conversation that she had overheard in the prisoner holding area while consulting with Roach. She argued that there was "a real possibility that a material witness in this matter is being influenced and it ought to be stopped."* Counsel made no motion regarding the argument between Tisdale and Martin, and the district court took no specific action. Although it may be "common practice" for a court to direct witnesses not to discuss the case with third parties, Perry v. Leeke, 488 U.S. 272, 281 (1989), counsel objected neither to the district court's failure to act in this case, nor to the admission of the testimony of the "influence[d]" witness. Without such an objection, this Court is bound to review the district court's decision solely for plain error. Fed.R.Crim.P. 52(b); United States v. Olano, 61 U.S.L.W. 4421, 4423 (U.S.1993).
 
 
 4
 The court's failure to exclude the witnesses' testimony because it did not instruct the witnesses to refrain from communicating cannot be said to have so affected the trial as to have denied Roach's substantial rights in his trial or deprived him of the fairness of this judicial proceeding. See United States v. Hanno, 21 F.3d 42, 45 (4th Cir.1994). Not only was defense counsel able to cross-examine the allegedly intimidated witness and the alleged intimidator, the parties entered a stipulation which recounted the point at which defense counsel felt that Tisdale's testimony was being influenced. The jury was aware of the possibility that Tisdale was less than candid and found him credible anyway. The district court did not commit plain error in failing to prevent Tisdale and Martin from testifying on its own motion.
 
 
 5
 Roach argues that the district court erred by admitting under Fed.R.Evid. 404(b) evidence of the second bank robbery through Martin's testimony. This Court reviews a district court's decision to admit evidence of other crimes "by inquiring whether the district court acted in a way that was so 'arbitrary or irrational,' United States v. Rawle, 845 F.2d 1244 (4th Cir.1988), that it can be said to have abused its discretion." United States v. McMillon, 14 F.3d 948, 954 (4th Cir.1994) (citing United States v. Mills, 995 F.2d 480, 485 (4th Cir.), cert. denied, 62 U.S.L.W. 3252 (U.S.1993)).
 
 
 6
 Rule 404(b) of the Federal Rules of Evidence prohibits the admission of evidence of "other crimes" solely to prove a defendant's bad character, but such evidence may be "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed.R.Evid. 404(b). In this case, the district court ruled specifically that the testimony was probative to identity and plan. In addition, we find that the testimony was sufficiently necessary, reliable, and relevant to be admissible under Rule 404(b). Rawle, 845 F.2d at 1247. Further, the evidence's probative value sufficiently outweighed the danger of undue prejudice. See Fed.R.Evid. 403. To the extent Roach may have been prejudiced by the admission of the other crimes evidence, the district court's use of an extensive limiting instruction explaining for what the purpose the evidence was admitted obviated difficulties raised by its admission. United States v. Hernandez, 975 F.2d 1035, 1039 (4th Cir.1992) (citing United States v. Masters, 622 F.2d 83, 87 (4th Cir.1980)). There is no evidence that the district court abused its discretion in admitting this testimony.
 
 
 7
 Roach contends that the trial court erred when it denied his Fed.R.Crim.P. 29 motion for acquittal because the evidence was insufficient to support his convictions. The standard of review applicable to Rule 29 motions is "whether there is substantial evidence (direct or circumstantial) which, taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir.1982); see also United States v. Stockton, 788 F.2d 210, 218 (4th Cir.), cert. denied, 479 U.S. 840 (1986); United States v. Tresvant, 677 F.2d 1018 (4th Cir.1982).
 
 
 8
 In determining the issue of substantial evidence, this Court neither weighs the evidence nor considers the credibility of witnesses. United States v. Arrington, 719 F.2d 701, 704 (4th Cir.1983), cert. denied, 465 U.S. 1028 (1984). This is exactly what Roach invites this Court to do. Roach argues only that the conversations between Tisdale and Martin "put both witnesses' credibility in sufficient question that their testimony alone should not be sufficient to sustain a conviction." Without reweighing the credibility of Tisdale and Martin, there was ample evidence at trial, through their testimony, that Roach was the perpetrator of the March 18 bank robbery.
 
 
 9
 Finally, Roach contests the district court's failure to depart from the sentencing guidelines. Ordinarily, a decision not to depart is not reviewable. United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir.), cert. denied, 498 U.S. 819 (1990). However, if the sentencing court wrongly believed it lacked the power to depart, as Roach argues here, resentencing is required. United States v. Rogers, 897 F.2d 134, 138 (4th Cir.1990); see also United States v. Wilson, 896 F.2d 856, 858-59 (4th Cir.1990). Even a cursory review of the transcript of the sentencing hearing refutes this assertion. We find that the district court was well aware of its discretion in sentencing Roach, but simply did not accept that Roach's argument was "not adequately taken into consideration by the Sentencing Commission." United States v. Summers, 893 F.2d 63, 66 (4th Cir.1990) (citing 18 U.S.C.A. Sec. 3553(b) (West Supp.1994)).
 
 
 10
 None of Roach's assignments of error has merit. Accordingly, we affirm his convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.
 
 
 
 *
 Because the alleged intimidation occurred outside of the courtroom, Roach is not technically complaining that the district court failed to sequester the witnesses. See Fed.R.Evid. 615. Rather, Roach is arguing that once counsel brought the argument between the Government's witnesses to the court's attention, the court should have taken some further action to prevent any contact between the two witnesses. Roach cites to Perry v. Leeke, 488 U.S. 272 (1989), for the proposition that Rule 615 "requires" broader protection than excluding witnesses from the courtroom
 In deciding that a defendant had "no constitutional right to consult with his lawyer while he is testifying," the Perry Court noted that "nondiscussion orders are a corollary of the broader rule that witnesses may be sequestered to lessen the danger that their testimony will be influenced by hearing what other witnesses have to say." Id. at 281. While this may be persuasive authority that if Roach had moved for sequestration under Rule 615, a nondiscussion order would also have been appropriate, it is not a particularly convincing argument that a district court has the "power and duty" to issue such an order sua sponte. Appellant's Br. at 8.