**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 97-4268

VERNON RAY ROBERTSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
William L. Osteen, Sr., District Judge.
(CR-96-170)

Submitted: April 7, 1998

Decided: April 23, 1998

Before ERVIN, HAMILTON, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro,
North Carolina, for Appellant. Walter C. Holton, Jr., United States
Attorney, Scott P. Mebane, Assistant United States Attorney, Greens-
boro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Beginning in approximately 1991 Vernon Ray Robertson began writing checks on closed accounts to open other bank accounts and secure goods and services. He also would return merchandise and flight coupons for cash. Based upon these activities, Robertson was arrested and held without bond from November 4, 1993, to February 21, 1994; on February 22 he was released into the custody of his mother conditioned upon his promise not to commit any federal, state, or local offense. On April 20, 1994, Robertson pled guilty to one count of mail fraud and received a fifty-seven month sentence commencing on June 1, 1994 ("first" or "1994" sentence) based upon his conduct from 1991 to his November 1993 arrest. During his release period from February 22 to June 1, 1994, however, Robertson again set about defrauding banks through the mail. On November 15, 1996, he again pled guilty to one count of mail fraud and received a forty-seven month sentence ("second" or "1996" sentence). Robertson appeals his 1996 sentence alleging that the district court erred: (1) by treating the conduct underlying each conviction as "unrelated" under the U. S. Sentencing Guidelines Manual ("USSG") § 1B1.3 (1995); (2) by departing upward under USSG § 4A1.3, p.s., and in the manner it departed; and (3) because it mistakenly believed it had no authority to order that his second sentence run concurrently with the first.

On appeal, we review a district judge's application of the Sentencing Guidelines under a clearly erroneous standard when the issue depends upon a factual determination. See United States v. Jones, 31 F.3d 1304, 1315 (4th Cir. 1994). When the issue requires a legal interpretation of the Guidelines, our review is de novo. Id. Mixed questions of law and fact are reviewed on a sliding scale, depending upon whether the issues are essentially factual or legal. Id.

Robertson argues that the conduct underlying his 1994 sentence and his 1996 sentence should be considered as a continuous offense for purposes of sentencing. He argues, therefore, that the sentencing court should have considered his fraudulent conduct while on release merely as part of his relevant conduct for his first sentence under USSG § 1B1.3(a)(2), thus making him eligible for a concurrent sen-

2

tence under USSG § 5G1.3(b). This argument fails because application note 8 to § 1B1.3 makes it clear that offenses interrupted by an intervening sentence are to be treated separately for purposes of relevant conduct under § 1B1.3(2). All but one of the transactions underlying Robertson's 1996 conviction and sentence took place after he received his first sentence on April 20, 1994. [1]

Next, Robertson alleges that the sentencing court erred in deciding to depart and in its manner of departing upward. The parties agree that we review these issues for an abuse of discretion. See United States v. Koon, 518 U.S. 81, ___, 116 S. Ct. 2035, 2042-43 (1996).

Robertson's offense level of thirteen with a criminal history category of VI resulted in a sentencing range of thirty-three to forty-one months. Robinson had seventeen criminal history points. The court upwardly departed from this range primarily because it found that Robertson's "total point count for [his] sentencing background does not adequately reflect the seriousness and the past continuation of the same kinds of conduct."[2] See USSG § 4A1.3. Further, the court noted that Robertson had committed the instant offense while on release awaiting trial, had a string of seventeen convictions dating back to at least 1972 for similar fraudulent conduct, and that he was likely to continue pursuing this conduct upon release from incarceration. The court then considered the next range of thirty-seven to forty-six months and also found it insufficient, for the same reasons. Accordingly, it moved to the next higher range, of forty-one to fifty-one months, and sentenced him to forty-seven months of incarceration.

We do not find that the district court abused its discretion by deciding to depart. See Koon, 518 U.S. at #6D 6D6D#, 116 S. Ct. at 2042-43. Outdated sentences may be used in determining the adequacy of a defendant's criminal history, see United States v. Rusher, 966 F.2d 868, 882 (4th Cir. 1992), and a sentencing court may depart from an applicable guideline range if reliable information indicates a defendant's criminal history category does not adequately reflect the seri-

_____

[1] (See Joint Appendix ("J.A.") at 125).
[2] (See J.A. at 87). Because Robertson's recorded criminal background of fraudulent activities went back to 1971, seven of his convictions yielded no points.

3

ousness of his prior crimes. See USSG § 4A1.3. Moreover, at the sentencing hearing, the district court clearly provided its reasons for choosing to depart upward, see 18 U.S.C.A.§ 3553(c)(2) (West Supp. 1998), and reasons for rejecting each next higher range as inadequate, as required. See Rusher, 966 F.2d at 882-84. See also USSG § 4A1.3; United States v. Cash, 983 F.2d 558, 559-62 (4th Cir. 1992) (upholding district court's finding that criminal history category of VI did not adequately represent the seriousness of defendant's seventeen year record of past criminal conduct and therefore a departure was allowed; upholding court's departure by moving to successively higher offense levels until sentencing range adequately reflected seriousness of criminal history).

Finally, Robertson argues that, because the sentencing court mistakenly believed that it did not have authority to grant his request to be sentenced concurrently with his 1994 sentence, we should remand so that the court may be given an opportunity to consider his requested relief. See United States v. Rogers , 897 F.2d 134, 138 (4th Cir. 1990). This claim fails, however, because the court at the sentencing hearing made an alternative finding that, even if it had authority to sentence Robertson concurrently, it would not.

Accordingly, we affirm the sentence of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4