**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                  No. 97-7878

MARCUS HAWTHORNE BANKS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-90-351-A, CA-97-411-AM)

Submitted: October 20, 1998

Decided: November 23, 1998

Before WIDENER, MURNAGHAN, and ERVIN, Circuit Judges.

_____

Dismissed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Marcus Hawthorne Banks, Appellant Pro Se. Charles A. Beamon,
OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Marcus Hawthorne Banks appeals the district court's orders denying relief on his 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998) motion. While serving a term of imprisonment at Lorton Reformatory for armed robbery, Banks pled guilty to possession with intent to distribute heroin,**1** and possession of heroin by a prisoner.**2** He was sentenced to serve a total of 168 months' imprisonment.

In his sworn § 2255 motion and attached affidavit, both signed under penalty of perjury, Banks asserted, among other things, several claims of ineffective assistance of counsel.**3** Finding all other claims without merit, the district court ordered the Government to respond only to Banks's remaining claim that his trial attorney failed to comply with Banks's request to appeal his sentence. In its response, the Government included an affidavit from Banks's trial attorney, R. Ramsey Maupin, which stated that after Banks was sentenced, he spoke with Banks about his right to appeal and Banks did not desire to appeal at that time; nor did Banks thereafter contact him to note an appeal on his behalf. The court notified Banks that he had twenty days to respond to the Government's dispositive motion with additional sworn evidence or affidavits. Because Banks did not respond to the motion, the court only considered the statements in Maupin's affidavit and denied Banks's § 2255 motion without an evidentiary hearing.

As part of his motion for reconsideration, Banks submitted a personal affidavit in which he reasserted that he had requested counsel to file an appeal and copies of correspondence written to Maupin inquiring about the status of his appeal. The court found that Banks

_____

**1** <u>See</u> 21 U.S.C. § 841(a)(1) (1994).
**2** <u>See</u> Va. Code Ann. § 53.1-203(6) (Michie 1994 & Supp. 1997), as assimilated by 18 U.S.C.A. § 13 (West Supp. 1998).
**3** Banks has waived appellate review of the following claims for his failure to assert them on appeal: (1) that he did not have an opportunity to review his presentence report; and (2) that the court accepted his plea without an adequate factual basis. <u>See</u> 4th Cir. R. 34(b).

had not submitted these materials in a timely manner and denied the motion for reconsideration and Banks's request for a certificate of appealability.**4**

To establish ineffective assistance of counsel, Banks must show that counsel's performance fell below objective standards of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.**5** In a guilty plea context, to establish prejudice Banks must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty.**6** Failure to establish both deficient performance and prejudice defeats an ineffective assistance of counsel claim.**7** Whether counsel's performance was constitutionally sufficient is a mixed question of law and fact. **8**

Banks contends that counsel was ineffective for failing to request that his current sentence be imposed to run concurrently with his undischarged term of imprisonment. The sentencing guidelines in effect when Banks was sentenced provided that: "If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status), the sentence for the instant offense shall be imposed to run consecutively to the unexpired term of imprisonment."**9** We have held that the district court has the discretion to depart from the guidelines and impose

_____

**4** Although Banks's notice of appeal was timely as to both the denial of the § 2255 motion and the denial of his motion for reconsideration, because he specifically designated that he was appealing the court's June 16, 1997, order denying his § 2255 motion, he is bound by this designation. Accordingly, we are without jurisdiction to review the order denying his motion for reconsideration. See Foster v. Tandy Corp., 828 F.3d 1052, 1059 (4th Cir. 1987).
**5** **See Strickland v. Washington**, 466 U.S. 668, 687-94 (1984).
**6** **See Hill v. Lockhart**, 474 U.S. 52, 59 (1985).
**7** **See Strickland**, 466 U.S. at 687.
**8** **Id.** at 698.
**9** **See U.S. Sentencing Guidelines Manual** § 5G1.3 (1990). Notably, the version of the sentencing guidelines in effect when Banks filed his § 2255 motion also calls for a consecutive sentence. Compare USSG § 5G1.3(a) (1995).

3

a concurrent sentence, but only if the court follows the appropriate procedures for departing and properly justifies its departure.**10**

Banks suggests that the district court wrongly believed that it lacked authority to depart. However, the record reveals that the district court considered a departure based on the postponement of Banks' parole eligibility for his robbery conviction, but rejected the idea because of this court's precedent.**11**  Therefore, Banks was not prejudiced by his attorney's failure to request a departure.**12**

Next, Banks contends that his counsel was ineffective for failing to object to his being sentenced as a career criminal. This contention is directly belied by the record. At sentencing, Banks's counsel argued against the application of the career criminal status on the basis that several of the burglaries listed in Banks's presentence report were not of residential dwellings. In overruling this objection, the court sentenced Banks as a career criminal, citing three other burglary-type convictions that met the residential dwelling criteria.**13**

Moreover, Banks was properly sentenced as a career offender. A defendant should be classified as a career offender if: (1) he was eighteen or older when the instant offense was committed; (2) the instant offense was a crime of violence; and (3) the defendant has at least two prior felony convictions for a crime of violence. **14** Banks was over the age of eighteen when he committed the instant offense, and the court properly classified the instant offense, and two other prior convictions, attempted breaking and entering and armed robbery, as crimes of violence.

Banks challenges the voluntariness of his plea by asserting that he was not informed of the consequences of his plea. Banks also con-

_____

**10** **See United States v. Rogers**, 897 F.2d 134, 137 (4th Cir. 1990).

**11** **See United States v. Wright**, 924 F.2d 545, 549 (4th Cir. 1991) (rejecting postponement of parole as an appropriate grounds for departure for a career offender).
**12** **See United States v. Bayerle** , 898 F.2d 28, 30-31 (4th Cir. 1990).
**13** **See** USSG § 4B1.2(1).
**14** **See** USSG § 4B1.1.

tends his plea was involuntary because, prior to sentencing but after he had entered his plea, his attorney erroneously advised him on key sentencing issues.

Our review of the record reveals that Banks was fully informed of the consequences of his guilty plea. The court personally addressed Banks, ensuring that he understood the nature of the charges to which the plea was offered, the maximum sentences available, the applicability of the federal sentencing guidelines, and whether Banks understood all the rights he was forfeiting by pleading guilty.[15] Based on the assertions made in Banks's Rule 11 hearing, we find that Banks was fully informed of the consequences of his plea, which was given freely and intelligently. Thus, neither his displeasure with the length of his incarceration[16] nor any erroneous sentencing advice rendered after Banks entered his guilty plea will affect the voluntariness of his plea.

Lastly, Banks claims that his attorney was ineffective for failing to appeal his sentence, despite being directed to do so. We have previously held that "a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success."[17] Unless it is clear from the pleadings, files, and records that the prisoner is not entitled to relief, § 2255 makes an evidentiary hearing mandatory.[18] The district court's determinations as to whether to hold a hearing under § 2255 and whether petitioner is required to be present at the hearing are reviewed for abuse of discretion.[19] Notwithstanding the court's wide discretion in the matter,"[t]here will

---

[15] Fed. R. Crim. P. 11; United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991).

[16] **See United States v. Lambey**, 974 F.2d 1389, 1395 (4th Cir. 1992) (recognizing that court's informing defendant of possible sentence corrects any earlier advice given by counsel).

[17] **United States v. Peak**, 992 F.2d 39, 42 (4th Cir. 1993).

[18] **See** 28 U.S.C.A. § 2255; Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

5130    35    4 **[19] See Raines**, 423 F.2d at 530.

5

remain, however, a category of petitions, usually involving credibility, that will require an evidentiary hearing in open court."[20] "When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive. . . ."[21]

There is genuine issue of material fact as to whether Banks requested his attorney to appeal his sentence. In his sworn § 2255 motion and accompanying affidavit, also sworn under penalty of perjury, Banks outlined the specific facts supporting this claim: (1) that immediately after sentencing, he told his attorney he wished to appeal his sentence; (2) that after sentencing, his attorney never visited him in the holding area; and (3) that despite numerous attempts, neither he nor other family members were able to speak with his attorney to review the status of his appeal.[22] Meanwhile, Banks's trial attorney stated in his affidavit that when he spoke with Banks after the sentencing hearing, Banks did not want to appeal his sentence and never contacted him thereafter to note an appeal. Because the sworn evidence on this issue is conflicting, the district court should have conducted a hearing before denying this aspect of Banks's § 2255 motion.[23]

Because we find that Banks was improperly denied the opportunity to present this Sixth Amendment claim, we conclude he "has made a substantial showing of the denial of a constitutional right."[24] Accordingly, we grant a certificate of appealability on this issue, vacate that portion of the district court's order, and remand for the district court to conduct further proceedings on the issue. For the reasoning discussed above, we deny a certificate of appealability and dismiss the appeal as to all of Banks's other claims.

_____

**20** **Id**.
**21** **Id**.

**22** **See Williams v. Griffin**, 952 F.2d 820, 823 (4th Cir. 1991) (holding that a verified complaint is the equivalent of an opposing affidavit for summary judgment purposes).
**23** **See Becton v. Barnett**, 920 F.2d 1190, 1194 (4th Cir. 1990) (finding that petitioner's allegation that his attorney failed to file a notice of appeal as instructed required remand for evidentiary hearing).

**24** 28 U.S.C.A. § 2253 (West Supp. 1998).

6

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART; VACATED
IN PART AND REMANDED

7