**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4844

ALVIN TERRY JOHNSON, a/k/a Al,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CR-97-15-MJG)

Submitted: January 26, 1999

Decided: March 23, 1999

Before HAMILTON and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Harvey Greenberg, LAW OFFICES OF HARVEY GREENBERG,
Towson, Maryland, for Appellant. Lynne A. Battaglia, United States
Attorney, Jamie M. Bennett, Assistant United States Attorney, Balti-
more, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Alvin Terry Johnson appeals the 216-month sentence he received after his guilty plea to cocaine conspiracy, 18 U.S.C. § 846 (1994), arguing that the district court erred in making it consecutive to the state sentence he was then serving. We affirm in part and dismiss in part.

On September 27, 1996, Johnson was sentenced in Maryland state court for manslaughter and a heroin offense. He was given a delayed reporting date and, when he was released, resumed his part in the conspiracy. This resulted in his arrest on October 10, 1996, and his eventual guilty plea to the instant offense. Johnson admitted participating in the conspiracy between June 1995 and his arrest in October 1996.

At sentencing, the government argued for a sentence consecutive to the state sentence, citing U.S. Sentencing Guidelines Manual § 5G1.3(a) (1995), which requires a consecutive sentence when the instant offense was committed after the defendant was sentenced but before he began service of a sentence which remains undischarged. Johnson asked that the district court depart by imposing a sentence concurrent with the state sentence. Johnson relied on United States v. Rogers, 897 F.2d 134 (4th Cir. 1990), in which this court considered the conflict between the district court's authority under 18 U.S.C. § 3584 to impose a concurrent sentence on a defendant who is already serving a sentence and § 5G1.3, which directs the court to impose a consecutive sentence in certain circumstances. In Rogers, we held that the sentencing court has authority to impose a concurrent sentence but must do so only after following the procedures for departure, that is, by determining that a factor is present which is relevant to the sentence and has not been adequately considered by the Sentencing Commission in formulating the guidelines. See Rogers, 897 F.2d at 137.

2

On appeal, Johnson argues that Rogers was wrong in holding that the district court must depart in order to impose a concurrent sentence. He first contends that the sentencing discretion afforded by § 3584 is in no way restricted by § 5G1.3. In his view, it is significant that § 3584(b) directs the district court to consider the factors set forth in 18 U.S.C.A. § 3553(a) (West 1985 & Supp. 1998) (which directs the court to consider certain factors including the guidelines), but not the factors in 18 U.S.C. § 3553(b) (which requires the court to impose a sentence within the guidelines or depart from them). He also maintains that, if the district court is required to impose a sentence in accord with § 3553(a) or depart, then § 5G1.3 is not a guideline of the kind described in § 3553(a)(4), i.e., one which establishes a kind or range of sentence. Therefore, in his view, the sentencing court may disregard § 5G1.3 without going through the procedures necessary for a departure.

Even were we inclined to do so, we could not as a panel overrule Rogers, and we conclude that the district court properly applied it. Moreover, the decision not to depart by imposing a concurrent sentence is not reviewable. See United States v. Bayerle, 898 F.2d 28, 31 (4th Cir. 1990).

We therefore affirm the district court's decision to follow Rogers and dismiss that portion of the appeal which challenges the district court's decision not to depart to impose a concurrent sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, DISMISSED IN PART

3