# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.

LAVELLE TAWAINE DAVIS,
              *Defendant-Appellant.*

No. 01-4163

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CR-00-136-2)

Submitted: August 31, 2001

Decided: September 17, 2001

Before WIDENER, MOTZ, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jennifer T. Stanton, J.T. STANTON, P.C., Norfolk, Virginia, for Appellant. Kenneth E. Melson, United States Attorney, James Ashford Metcalfe, Assistant United States Attorney, C. Seth Askins, Third Year Law Student, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Lavelle Tawaine Davis appeals his fifty-one month sentence imposed pursuant to his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (1994). Davis was serving a term of probation on a state charge at the time of his firearms offense. As a consequence of his firearms offense, Davis was incarcerated on a state charge for violating the terms of his probation, and he was serving this sentence at the time he was prosecuted in federal court for possession of a firearm by a convicted felon. The district court held that Davis' fifty-one month incarceration period on the federal charge should run consecutively to his state sentence. On appeal, Davis argues the district court erred in denying his request to have his federal sentence for firearm possession run concurrently with his state sentence for violating the terms of his probation. We disagree.

We review the district court's decision to impose a concurrent or consecutive sentence for abuse of discretion, and we review whether it properly applied the guidelines to a case de novo. *United States v. Puckett*, 61 F.3d 1092, 1097 (4th Cir. 1995). A district court has authority to make a defendant's federal sentence consecutive to or concurrent with an undischarged sentence previously imposed. 18 U.S.C. § 3584(a); *United States v. Rogers*, 897 F.2d 134, 137 (4th Cir. 1990). In this case, the district court did not err in holding that Davis' federal sentence should run consecutive to his state sentence. *U.S. Sentencing Guidelines Manual* § 5G1.3, comment. (n.6); *Puckett*, 61 F.3d at 1098.

Accordingly, we affirm Davis' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

*AFFIRMED*