**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4149**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JONATHAN SIMPSON,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:08-cr-00176-TLW-1)

Submitted:  January 25, 2010      Decided:  February 10, 2010

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

William F. Nettles, IV, Assistant Federal Public Defender,
Florence, South Carolina; Edye U. Moran, Assistant Federal
Public Defender, Columbia, South Carolina, for Appellant.
William E. Day, II, Assistant United States Attorney, Florence,
South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Jonathan Simpson pled guilty to conspiracy to possess with intent to distribute Oxycodone. The district court sentenced Simpson to seventy-two months in prison and directed that the sentence run consecutively to a state sentence Simpson was then serving. Simpson now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising two issues related to the sentence. Simpson was notified of his right to file a pro se supplemental brief but has not filed such a brief. We affirm.

Simpson contends that the district court did not adequately explain its reasons for imposing a consecutive, rather than a concurrent, sentence. He also maintains that the court erred when it imposed a consecutive sentence without addressing the factors set forth at U.S. Sentencing Guidelines Manual § 5G1.3, comment. (n.3(A)) (2007).

A district court has discretion to make a defendant's federal sentence consecutive to or concurrent with an undischarged sentence previously imposed. 18 U.S.C. § 3584(a) (2006); United States v. Rogers, 897 F.2d 134, 137 (4th Cir. 1990). In exercising this discretion, the court is statutorily required to consider the sentencing factors set forth at 18 U.S.C. § 3553(a) (2006). 18 U.S.C. § 3584(b) (2007). The

2

relevant application note states that the court should consider, in addition to the § 3553(a) factors, certain aspects of the undischarged sentence and other relevant circumstances. USSG § 5G1.3 comment. (n.3(A)).

Our review of the sentencing transcript convinces us that the district court sufficiently considered the above matters and did not abuse its discretion when imposing a consecutive sentence. Defense counsel argued that Simpson's background, his present offense, and details of his state sentence, including his anticipated release and possible parole dates, merited a concurrent sentence. After considering counsel's argument, the court concluded that the nature of the federal offense and Simpson's having committed it while on probation compelled a consecutive sentence. We conclude that the district court did not abuse its discretion. See United States v. Puckett, 61 F.3d 1092, 1097 (4th Cir. 1995) (stating standard of review).

We have reviewed the entire record in accordance with Anders and have not identified any meritorious issues for appeal. Accordingly, we affirm. This court requires counsel to inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in

this court to withdraw from representation.  Counsel's motion must state that a copy of the motion was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>