**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gwendolyn FOSSETT,
Defendant–Appellant.**

No. 88–3904.

United States Court of Appeals,
Eleventh Circuit.

Aug. 7, 1989.

---

James H. Burke, Jr., Asst. Federal Public Defender, Jacksonville, Fla., for defendant-appellant.

Charles Truncale, Robert P. Storch, Asst. U.S. Attys., Jacksonville, Fla., for plaintiff-appellee.

Before TJOFLAT and VANCE, Circuit Judges, and PITTMAN *, Senior District Judge.

TJOFLAT, Circuit Judge:

I.

In 1987, appellant Gwendolyn Fossett pled guilty to the charge that she forged a check drawn on the United States Treasury, in violation of 18 U.S.C. § 495 (1982). For this offense, appellant was sentenced to a five-year indeterminate term of incarceration. Appellant was first imprisoned at the federal correction institution in Lexington, Kentucky; she was later transferred to the Bannum Place, a community treatment center in Jacksonville, Florida. Appellant's projected release date was September 10, 1988.

On June 22, 1988, two of appellant's friends told her that she had tested positive for narcotics use and was going to be sent back to prison. When appellant later saw two United States Marshals at Bannum Place, she believed that they had come to return her to prison. Appellant panicked, packed her belongings, and left the treatment center. Appellant was subsequently arrested and taken back into custody on July 21, 1988.

On July 22, 1988, appellant was indicted by a federal grand jury for escaping from a federal correctional facility in violation of 18 U.S.C. § 751 (1982). Appellant subsequently pled guilty to the charge and came before the district court for sentencing. Since appellant's offense occurred after November 1, 1987, her sentence was governed by the sentencing guidelines promulgated by the United States Sentencing Commission. *See United States v. Burgess*, 858 F.2d 1512, 1514 (11th Cir.1988).

The presentence report prepared by the court's probation officer based the calcula-

---

* Honorable Virgil Pittman, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation.

tion of appellant's offense level on guideline 2P1.1. That guideline provides as follows:

> *Escape, Instigating or Assisting Escape*
> (a) Base Offense Level:
>    (1) 13, if from lawful custody resulting from a conviction or as a result of a lawful arrest for a felony;
>    (2) 8, if from lawful custody awaiting extradition, pursuant to designation as a recalcitrant witness or as a result of a lawful arrest for a misdemeanor.
> (b) Specific Offense Characteristics
>    (1) If the use or the threat of force against any person was involved, increase by 5 levels.
>    (2) If the defendant escaped from a non-secure custody and returned voluntarily within ninety-six hours, decrease the offense level under § 2P1.1(a)(1) by 7 levels or the offense level under § 2P1.1(a)(2) by 4 levels.
>    (3) If the defendant committed the offense while a correctional officer or other employee of the Department of Justice, increase by 2 levels.

Sentencing Guidelines § 2P1.1 (Oct.1987). Applying this guideline to the facts of appellant's case, the probation officer determined that no specific offense characteristics were applicable, and that appellant's total offense level was therefore 13. This was then reduced by two levels to reflect appellant's acceptance of responsibility for her offense. *See id.* § 3E1.1(a) (Jan. 15, 1988). Correlating appellant's offense level of 11 with her criminal history category of VI, the probation officer determined that the guidelines prescribed a sentencing range of 27 to 33 months. After being given the opportunity to review the presentence report, neither appellant nor the Government objected to the probation officer's application of the guidelines.

At the sentencing hearing before the district court, appellant urged the court to depart from the sentencing range mandated by the guidelines. Appellant noted that guideline 2P1.1(b)(2) allowed a reduction for escapees who turned themselves in less than ninety-six hours after their escape, and that her base offense level was the same as that assigned to an escapee who was involuntarily apprehended by the authorities. Thus, appellant argued that because she had taken steps to surrender herself voluntarily to authorities, she deserved some reduction in her base offense level. The court rejected appellant's request for a departure and instead decided that it would consider appellant's preparation to surrender herself in assessing the appropriate sentence within the guideline range. As a result, the court sentenced appellant to a twenty-seven month term of imprisonment (the minimum term mandated by the guidelines), to be followed by a three-year term of supervised release. The court further ordered, over appellant's objection, that her term of imprisonment be served consecutive, to her unexpired sentence for forgery.

## II.

Appellant now challenges her sentence on two grounds: first, appellant argues that the district court improperly interpreted the guidelines as precluding a reduction for voluntary surrender after ninety-six hours have elapsed; and second, that the district court erred in refusing to allow appellant to serve her sentence in this case concurrent to her unexpired sentence for forgery. We preface our analysis of these issues with a discussion of our jurisdiction over this and other sentencing guidelines cases.

### A.

■ Because appellant challenges the district court's refusal to make a downward departure from the sentencing range recommended by the guidelines, the United States argues that the Sentencing Reform Act of 1984, Pub.L. No. 98–473, § 211, 98 Stat.1987 (codified, as amended, in scattered sections of 18 and 28 U.S.C.), deprives us of jurisdiction over this appeal. We disagree. The jurisdiction of the United States Courts of Appeals is defined by

title 28 of the United States Code. That title provides in pertinent part as follows:

> The courts of appeals ... shall have jurisdiction of appeals from *all* final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court.

28 U.S.C. § 1291 (1982) (emphasis added). Since appellant's sentence constitutes a final decision in a criminal case, we indisputably have jurisdiction over this appeal.

The Sentencing Reform Act of 1984 does not alter this conclusion. That Act provides in pertinent part as follows:

**Review of a sentence**

**(a) Appeal by a defendant.—A** defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release ... than the maximum established in the guideline range; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

**(b) Appeal by the Government.—The** Government, with the personal approval of the Attorney General or Solicitor General, may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) is less than the sentence specified in the applicable guideline range to the extent that the sentence includes a lesser fine or term of imprisonment, probation, or supervised release than the minimum established in the guideline range, or includes a less limiting condition of probation or supervised release ... than the minimum established in the guideline range; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C.A. § 3742 (West 1985 & Supp. 1989). This statute does not regulate the jurisdiction of the courts of appeals over appeals themselves; rather, section 3742 defines the claims that the court of appeals may hear in reviewing an appeal. We therefore turn to a discussion of whether appellant may properly raise a claim on appeal that the district court erred in refusing to depart from the guideline sentencing range.

B.

■ The Sentencing Reform Act prohibits a defendant from appealing a sentencing judge's refusal to make a downward departure from the guideline sentencing range. *See* 18 U.S.C.A. § 3742(a)(3) (West 1985 & Supp.1989) (allowing defendant to appeal only an *upward* departure from the guideline range). In this appeal, however, defendant *does not argue the merits of the* court's refusal to depart, *i.e.*, that the court should have departed from the guideline sentencing range because of her voluntary surrender to the authorities; rather, appellant argues that the district court did not believe it had the statutory authority to depart from the sentencing guideline range. *See* Sentencing Guidelines § 5K1.1 et seq. (Oct.1987) (departures). We believe that such a challenge presents a cognizable claim on appeal. *See* 18 U.S.C.A. § 3742(a)(1), (2) (West 1985 & 1989) (Defendant may challenge a sentence "imposed in violation of law" or "imposed as a result of an incorrect application of the sentencing guidelines."). Upon reviewing the record in this case, however, we conclude that the district court was clearly aware that it had

the power to depart from the guideline range. The court, though, concluded that the facts of appellant's case did not warrant a departure. Accordingly, appellant's challenge is without merit.

### C.

 In her second claim, appellant argues that the district court should have allowed her to serve her sentence in this case concurrently with her previous sentence for forgery. We disagree.

The Sentencing Reform Act provides that "[m]ultiple terms of imprisonment imposed at different times run ‛consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C.A. § 3584(a) (Supp. V. 1987). The Act, however, places limits on the court's discretion in this regard. In considering whether a term should run consecutively or concurrently, the Act requires the court to consider the factors set forth in 18 U.S.C.A. § 3553(a) (West 1985 & Supp.1989). *See id.* § 3584(b) (West V. 1987). That section, in turn requires the court to consider any pertinent policy promulgated by the United States Sentencing Commission. *See id.* § 3553(a)(5) (West 1985 & Supp.1989).

Exercising its mandate under 28 U.S.C.A. § 994(a)(1)(D) (West Supp.1989), the Sentencing Commission has promulgated guideline 5G1.3. That guideline provides as follows:

> *Convictions on Counts Related to Unexpired Sentences*
>
> If at the time of sentencing, the defendant is already serving one or more unexpired sentences, then the sentences for the instant offense(s) shall run consecutively to such unexpired sentences, unless one or more of the instant offense(s) arose out of the same transactions or occurrences as the unexpired sentences. In the latter case, such instant sentences and the unexpired sentences shall run concurrently, except to the extent otherwise required by law.

Sentencing Guidelines § 5G1.3 (Oct.1987). Thus, the district court properly followed the sentencing guidelines in ordering appellant to serve her sentence consecutively to her unexpired sentence. On the facts of this case, the district court could have ordered appellant to serve her sentences concurrently only if the court had followed the procedures for departing from the sentencing guidelines. *See generally id.* § 5K1.1 et seq.

### III.

We conclude that the district court did not err in sentencing appellant. Appellant's sentence is therefore

AFFIRMED.