UNITED STATES of America, Plaintiff–Appellee,

v.

Claude Herschel WRIGHT, Defendant–Appellant.

No. 88–3948.

United States Court of Appeals, Eleventh Circuit.

March 1, 1990.

---

Clyde M. Taylor, Jr., Tallahassee, Fla., for defendant-appellant.

K.M. Moore, U.S. Atty., and Michael T. Simpson, Asst. U.S. Atty., Tallahassee, Fla., for plaintiff-appellee.

Before KRAVITCH and JOHNSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

Claude Herschel Wright appeals the sentence he received after he pled guilty to possession with intent to distribute methamphetamine and the intentional use of a firearm during and in relation to a drug crime. On the basis of the defendant's age, physical condition, and his cooperation with the government, the district court departed downward from the sentencing range provided by the Sentencing Guidelines. Because the statute governing appeals from sentencing does not permit the defendant to obtain relief from a downward departure from the guideline range, we dismiss the appeal.

## FACTS

In March 1988, Wright fell asleep at the wheel of his automobile while driving on an interstate highway. His car ran off the road, hit an abutment, and he suffered serious injuries, including broken feet, a broken leg, hip, and arm, and internal injuries. In the aftermath of the wreck, investigators discovered over 1.2 kilograms of methamphetamines, as well as a 9mm semi-automatic weapon, ammunition, and two blasting caps. Wright eventually pled guilty to two counts relating to the drugs and the firearm, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 924(c)(1) respectively. When the presentence investigative report was prepared, Wright's medical condition was "guarded."

The guideline range for the drug offense was 262–327 months. In addition, the firearm violation carried a mandatory minimum of 60 months to run consecutively to any other sentence imposed. The *minimum*, therefore, that Wright could have received under the guidelines was 322 months. The district court, however, departed downward on the drug count based on the defendant's age, physical condition, and cooperation with the government, and sentenced Wright to 180 months on this count. In addition, Wright received 60 months for the firearm violation, resulting in a total sentence of 240 months. He now appeals the district court's refusal to depart further downward from the guideline's recommended minimum.

## DISCUSSION

In order to reduce disparity in sentencing, Congress, in the Sentencing Reform Act of 1984, deliberately limited appellate review of sentences. In reference to 18 U.S.C. § 3742, the Senate Report stated, "[t]his section establishes a *limited practice* of appellate review of sentences in the Federal criminal justice system." S.Rep. No. 225, 98th Cong. 2nd Sess. 149 (1983), *reprinted in* 1984 U.S.Code Cong. and Admin.News 3182, 3332 (emphasis supplied). Our analysis must start with the language of the statute itself.

The circumstances under which a defendant may appeal his sentence are specifically enumerated:

§ 3742. Review of a sentence

(a) Appeal by a defendant.—A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) is *greater* than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a) (emphasis added).

In this case, Wright complains that the district court abused its discretion in failing to depart further downward from the guideline range.[1] Such a claim, however, is not cognized by the provisions of section 3742;[2] accordingly, the appeal must be dismissed.

■■■ Sentences falling within the guideline range may not be complained of on appeal, even if arguably unreasonable under the facts of a given case, unless the sentence was imposed in violation of law, was based on a misapplication of the guidelines, or was plainly unreasonable and imposed for an offense for which there was no applicable guideline. The statutory scheme provides for symmetrical appeal—by the defendant if the sentence exceeds the guidelines, and by the government if the sentence falls below the guidelines;[3] where the sentence falls within the guidelines, however, the statutory scheme insulates the sentence from adjustment by the court of appeals by restricting the right to appeal. *United States v. Fossett,* 881 F.2d 976, 979–80 (11th Cir.1989); *United States v. Tucker,* 892 F.2d 8 (1st Cir.1989); *United States v. Denardi,* 892 F.2d 269 (3d Cir.1989); *United States v. Franz,* 886 F.2d 973, 978 (7th Cir.1989); *United States v. Colon,* 884 F.2d 1550, 1554–56 (2d Cir. 1989).

■■■ In *Franz,* where the defendant appealed the district court's refusal to depart downward from the guideline range, the

---

**1.** Wright also argues that because the guidelines provide that the sentence may be increased based upon injuries to the victim, injuries to the perpetrator also should result in a reduction in sentence. We find that contention to be utterly without merit.

The government notes that Sentencing Guideline 5H1.4 provides that "[p]hysical condition is not ordinarily relevant in determining whether a sentence should be outside the guidelines or where within the guidelines a sentence should fall. However, an extraordinary physical impairment may be a reason to impose a sentence other than imprisonment." The guidelines thus do take into account the physical condition of the defendant, and, indeed, here the district court departed downward in part on account of the defendant's "physical condition." We need not reach nor do we decide the question of whether or not Wright's injuries constituted "an extraordinary physical impairment."

**2.** In *United States v. Colon,* 884 F.2d 1550, 1556 (2d Cir.1989) that court noted that "[a]lthough defendants generally may suffer more from upward departures than from downward departures perceived by them to be inadequate," the law does not provide for appellate review for "defendants facing long sentences that include small downward departures...."

**3.** Where the district court imposes a sentence that falls *below* the range recommended by the guidelines, the *government,* not the defendant, is authorized to appeal under § 3742(b)(3):

(b) Appeal by the Government.—The Government, with the personal approval of the Attorney General or the Solicitor General, may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence—

\* \* \* \* \* \*

(3) is less than the sentence specified in the applicable guideline range to the extent that the sentence includes a lesser fine or term of imprisonment, probation, or supervised release than the minimum established in the guideline range; or includes a less limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the minimum established in the guideline range....

18 U.S.C. § 3742(b)(3).

The government in this case did not appeal, despite the fact that the sentence imposed was less than that specified by the guidelines.

Seventh Circuit dismissed the appeal for want of jurisdiction. 886 F.2d at 982. Similarly, in *Colon* the Second Circuit ruled that it need not reach the merits of the appellant's claim that the district court erred in failing to depart downward because such a claim was not appealable. 884 F.2d at 1552. The appellant in *Colon* raised another issue, which was appealable, as to whether he was a "minor" or "minimal" participant. Accordingly, in disposing of the case, the court affirmed in part and dismissed in part. *Id.* at 1556. In *Fossett*, although the sentence imposed fell within the guideline range, the appellant claimed that the district court was unaware of its discretionary power to depart downward from the guideline range, and hence that the sentence was imposed either in violation of law or as the result of an incorrect application of the sentencing guidelines. The court noted that "[t]he Sentencing Reform Act prohibits a defendant from appealing a sentencing judge's refusal to make a downward departure from the guideline sentencing range." Fossett,

however, was not appealing the merits of the court's failure to depart downward, but rather argued that the court was violating either section 3742(a)(1) or (2) by imposing sentence in ignorance of the court's discretionary power under the guidelines to depart downward. 881 F.2d at 979. As the appellant raised a cognizable claim, the court had jurisdiction and, reaching the merits, affirmed on the ground that the district court "was clearly aware that it had the power to depart from the guideline range." *Id.* at 979–80.[4]

To permit a defendant to appeal a sentence which falls below the guideline range would make meaningless the specificity of section 3742(a)(3) which permits a defendant to raise on appeal the district court's *upward* departure from the guideline range. Our reading of section 3742(a)'s restrictions is consistent with 18 U.S.C. § 3742(e) and (f) which address the role of the court of appeals.[5] Upon a determination by the court of appeals that the sentence is improper, section 3742(f)(2) provides for remand to the district court.

**4.** We note that in *United States v. Buenrostro,* 868 F.2d 135 (5th Cir.1989), the appellant raised two claims: that the district court erred in concluding that he was neither a minor nor minimal participant; that the court should have departed downward because the appellant claimed he thought the substance involved was marijuana, not cocaine. The Fifth Circuit affirmed, "in all respects," ruling that the district court's finding that Buenrostro's status was not minimal or minor was not clearly erroneous and declaring that Buenrostro's second claim did not provide a ground for relief under the statute. 868 F.2d at 138–39. The *Buenrostro* court stated that the second claim did not "involve any application of the guidelines ... [,]" and appellant did not "suggest any law violated by the district court's refusal to depart." 868 F.2d at 139.

**5.** 18 U.S.C. §§ 3742(e) and (f) provide:

(e) Consideration.—Upon review of the record, the court of appeals shall determine whether the sentence—

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines;

(3) is outside the applicable guideline range, and is unreasonable, having regard for—

(A) the factors to be considered in imposing a sentence, as set forth in chapter 227 of this title; and

(B) the reasons for the imposition of the particular sentence, as stated by the district

court pursuant to the provisions of section 3553(c); or

(4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable.

The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts.

(f) Decision and disposition

If the court of appeals determines that the sentence—

(1) was imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, the court shall remand the case for further sentencing proceedings with such instructions as the court considers appropriate;

(2) is outside the applicable guideline range and is unreasonable or imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable, it shall state specific reasons for its conclusions and—

(A) if it determines that the sentence is too high and the appeal has been filed under subsection (a), it shall set aside the sentence and remand the case for further sentencing proceedings with such instructions as the court considers appropriate.

Thus, where a sentence falls outside the recommended range of the guidelines, this court may review the sentence only after the appellant has satisfied the requirements of either subsection (a) (in the case of a defendant) or subsection (b) (in the case of the government). Here, Wright's appeal did not satisfy any of the initial requirements of subsection (a): no allegation was made that the sentence was imposed in violation of law, nor that there was no applicable sentencing guideline; the sentence imposed was not greater than that provided for by the guidelines, and there was no incorrect application of the guidelines. The language of section 3742(e)(3) and (f)(2) regarding unreasonable sentences falling outside the applicable guideline range is restricted by the antecedent requirements of subsections (a) and (b). Otherwise the language of subsection (a) restricting a defendant's appeal to a sentence greater than the guideline recommendation would be made superfluous. Similarly, subsection (b)'s restriction of the government's ability to appeal sentences falling below the guidelines would be rendered nugatory.

It would be illogical to insulate from review a harsher sentence that fell within the guidelines while permitting the court of appeals to order further downward departures from a sentence already less than that provided for by the guidelines. *Cf. United States v. Colon*, 884 F.2d at 1556 (failure to afford appellate rights to defendants facing long sentences that include small downward departure).

We conclude, therefore, that section 3742 does not provide a defendant with an opportunity for relief on appeal from a sentence which falls below the minimum recommendation provided for by the guidelines. Accordingly, this appeal is DISMISSED for lack of jurisdiction.

(B) if it determines that the sentence is too low and the appeal has been filed under subsection (b), it shall set aside the sentence and remand the case for further sentencing proceedings with such instructions as the court considers appropriate;
(3) is not described in paragraph (1) or (2), it shall affirm the sentence.