896 F.2d 1368
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Victor RODRIGUEZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lenmar Antra COTTON, Defendant-Appellant.
 Nos. 89-5205, 89-5215.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 27, 1989.
Decided: Feb. 8, 1990.
Rehearing Denied March 2, 1990.
 
 Ronald D. McSwain, Boose & McSwain; Larry J. McGlothlin, Jones & McGlothlin, on brief, for appellants.
 Margaret Person Currin, United States Attorney; John Stuart Bruce, First Assistant United States Attorney, on brief, for appellee.
 Before DONALD RUSSELL, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants Victor Rodriguez and Lenmar Antra Cotton each pled guilty in the United States District Court for the Eastern District of North Carolina to one count of conspiracy to distribute lysergic acid diethylamide (LSD), in violation of 21 U.S.C. Sec. 846. Rodriguez was sentenced to a fourteen-month prison sentence with five years supervised release and was fined $5000. Cotton was sentenced to a twenty-month prison sentence with three years supervised release and was fined $2500. Both Rodriguez and Cotton appeal from the sentences imposed. Rodriguez asserts that the district court erred in finding that he had a prior sentence for purposes of computing his criminal history and in ordering his sentence to run consecutive to his unexpired state court sentence. Cotton claims that the district court erred in imposing upon him a term of imprisonment substantially in excess of the terms of imprisonment imposed upon other co-defendants with similar records who were found guilty of similar conduct. Finding all of these contentions to be without merit, we affirm.
 
 I.
 
 2
 The United States Sentencing Guidelines provide for a longer sentence if a defendant has a prior criminal history. U.S.S.G. Sec. 4A1.1(a) provides that three points are to be added in calculating a defendant's criminal history "for each prior sentence of imprisonment exceeding one year and one month." A "prior sentence" is defined as "any sentence previously imposed upon adjudication of guilt ... for conduct not part of the instant offense." U.S.S.G. Sec. 4A1.2(a)(1). Thus, any sentence imposed "after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense." U.S.S.G. Sec. 4A1.2, comment (1).
 
 
 3
 Here, Rodriguez engaged in a sale of LSD to an undercover Drug Enforcement Administration agent on January 14, 1988, but was not arrested at that time. On February 15, 1988, Rodriguez was arrested by the Sheriff's Department of Harnett County, North Carolina, pursuant to an anonymous tip that Rodriguez was selling marijuana out of his residence. A search warrant was obtained for Rodriguez' residence, and approximately 26 grams of marijuana and 235 dosage units of LSD were discovered. On May 5, 1988, Rodriguez pled guilty to possession with intent to sell and deliver marijuana and to trafficking in LSD in violation of North Carolina law. He was sentenced to seven years imprisonment. Rodriguez was indicted for the federal offense of conspiring to distribute LSD on December 13, 1989, and was sentenced on August 22, 1989.
 
 
 4
 Rodriguez contends that the conduct for which he pled guilty in state court was the same conduct for which he pled guilty in federal court, and that he therefore has not committed a prior offense within the meaning of U.S.S.G. Sec. 4A1.2. We disagree. The state and federal convictions were the product of entirely separate investigations. The state conviction arose out of Rodriguez' trafficking in marijuana and LSD out of his home in Harnett County, North Carolina, whereas the federal conviction arose out of his conspiring to distribute LSD in Cumberland County, North Carolina. There was no evidence that there were any common participants in the two offenses other than Rodriguez himself. It was not clearly erroneous for the district court to find as a matter of fact that the crimes underlying Rodriguez' federal conviction were not part of the same conduct as the crimes underlying his state conviction. See United States v. Harris, 882 F.2d 902, 905 (4th Cir.1989). Nor is there anything to lead us to believe that the imposition of the heightened sentence in recognition of Rodriguez' prior criminal history violated his rights under the due process clause of the fifth amendment.
 
 
 5
 Rodriguez also contends that the district court erred by ordering that his sentence for the federal offense run consecutive to his unexpired state court sentence. He points to U.S.S.G. Sec. 5G1.3 which provides that a sentence is to run concurrently if "one or more of the instant offense(s) arose out of the same transactions or occurrences as the unexpired sentences." As we have already noted, however, the district court's finding that the federal offense did not arise out of the same transaction or occurrence as the state offense was not clearly erroneous. The district court was thus within its discretion in imposing the federal sentence to run consecutive to the state sentence.
 
 II.
 
 6
 Cotton argues that the district court erred in imposing upon him a sentence which was substantially in excess of those imposed upon other defendants with similar records who were found guilty of similar conduct. We have serious doubts whether we possess jurisdiction to hear Cotton's appeal. The district court departed downward from the sentencing guidelines and imposed a lesser sentence on Cotton, so Cotton's claim in effect is that in the exercise of its discretion to make a downward departure the district court failed to depart far enough downward. In similar situations, courts have held district courts' decisions declining to depart downward from the sentencing guidelines range not to be appealable. See United States v. Colon, 884 F.2d 1550 (2d Cir.1989); United States v. Fossett, 881 F.2d 976 (11th Cir.1989).
 
 
 7
 However, even if the issue were appealable, we think the sentence imposed by the district court was in no way disproportionate to the crime committed. Cotton admitted to DEA agents that he had purchased for distribution some 3000 dosage units of LSD in the preceding two and one-half years. Most of the defendants whom Cotton complains received lesser sentences distributed significantly less LSD than he did. Having reviewed the sentences imposed upon each of the defendants in this case, we think it clear that Cotton has no basis on which to complain about the sentence he received.
 
 III.
 
 8
 For the foregoing reasons, the judgment of the district court is
 
 
 9
 AFFIRMED.