**[PUBLISH]**

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
2/19/03
THOMAS  K. KAHN
CLERK

_____

No. 98-8167
Non-Argument Calendar

_____

D.C. Docket No. 2:97-cr-028-WCO

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMIRO SANCHEZ-VALENCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Georgia

_____

**(August 5, 1998)**

Before GODBOLD, HILL and FAY, Senior Circuit Judges.

PER CURIAM:

Ramiro Sanchez-Valencia appeals his 66-month sentence for illegally re-entering the United States after being deported.

On appeal, Sanchez-Valencia argues that the district court erroneously believed that it did not have the authority to downwardly depart on the basis of cultural assimilation, and that such a departure was warranted.

This Court has held that a district court's discretionary refusal to depart downward is not appealable, unless the refusal was based on an erroneous belief that the court did not have the statutory authority to depart from the guideline range. United States v. Fossett, 881 F.2d 976, 979 (11th Cir. 1989).

We have reviewed the transcripts, the presentence investigation report, the judgment and commitment order, and all other relevant portions of the record. Those, together with the briefs of the parties, demonstrate that the sentencing judge was aware of his authority to depart in light of United States v. Lipman, 133 F.3d 726 (9th Cir. 1998).

While it is possible to determine from this record that the district court was aware of its authority, it would facilitate review if sentencing judges would state on the record that they believe they have or do not have the authority to depart.

**AFFIRMED.**