[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**January 19, 2006**
**THOMAS  K. KAHN**
**CLERK**

No. 05-12929
Non-Argument Calendar

_____

D. C. Docket No. 04-00604-CR-T-23MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAGOBERTO BAEZ-BERRIOS,
a.k.a. Digoberto Baez-Barrios,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 19, 2006)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Dagoberto Baez-Berrios appeals his 46-month sentence, imposed

after he was convicted of illegally re-entering the United States after he had committed an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2). He argues that his sentence is unreasonable, claiming that it overstates the seriousness of his offense and does not adequately take into account the 18 U.S.C. § 3553(a) factors beyond the Guidelines range, and his criminal history category overrepresents his criminal history.

Title 18 U.S.C. § 3742(a) allows a defendant to appeal an otherwise final sentence only if it was imposed in violation of the law, resulted from an incorrect application of the Guidelines, exceeded the applicable Guideline range, or was "plainly unreasonable" and imposed for an offense for which there is no applicable Guideline. *See United States v. Erves*, 880 F.2d 376, 380-81 (11th Cir. 1989). A sentence that falls within the applicable Guideline range and is not alleged to be in violation of the law or imposed as a result of an incorrect application of the Guidelines is not appealable. *United States v. Alamin*, 895 F.2d 1335, 1337 (11th Cir. 1990). Challenges to the district court's refusal to depart downward from the Guideline range are generally not appealable unless the district court believed it lacked the authority to do so. *United States v. Fossett*, 881 F.2d 976 (11th Cir. 1989). After *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 764-66, 160 L. Ed. 2d 621 (2005), we still cannot review a district court's decision not to apply a

2

downward departure, except to the extent noted in *Fossett.  United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005).

After the district court accurately calculates the Guidelines range, it "may impose a more severe or more lenient sentence" that we review for reasonableness. *United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005).  Such review is deferential.  *United States v. Talley*, No. 05-11353, ___F.3d ___ (11th Cir.  Dec. 2, 2005).  "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in § 3553(a)." *Id.*[1]

In fashioning a reasonable sentence, a district court should be guided by the factors in 18 U.S.C. § 3553(a).  *Winingear*, 422 F.3d at 1246.  District courts do not need to establish the reasonableness of the sentences they impose by explicitly considering every factor from §3553(a) on the record; some indication in the record that the court adequately and properly considered appropriate factors in conjunction with the sentence will be sufficient when the district court imposes a sentence within the Guidelines range.  *United States v. Scott*, 426 F.3d 1324, 1329

---

[1] We note that the government argues that we do not have the authority to hear Baez-Berrios's reasonableness challenge under 18 U.S.C. § 3742(a) because the sentence is within the Guidelines range.  However, Booker, 543 U.S. at __, 125 S. Ct. at 764-66, directs appellate courts to review sentences for reasonableness in light of the § 3553(a) sentencing factors, whether or not the district court sentenced within the applicable Guideline range, so we do have authority to hear Baez-Berrios's reasonableness claim.  *United States v. Martinez*, No. 05-12706 (11th Cir. Jan. 9, 2006).

(11th Cir. 2005).

To the extent the Baez-Berrios is arguing that the district court did not depart downward on his criminal history category or the applicable Guideline range, this type of discretionary refusal to depart downward from the applicable Guideline range cannot be reviewed by us, even after *Booker*. *Winingear*, 422 F.3d at 1245. Furthermore, Baez-Berrios made no objections to the Guidelines' calculation and conceded that his criminal history was legally appropriate.

Baez-Berrios's arguments that his sentence is unreasonable because the district court did not appropriately consider the § 3553(a) factors is without merit. The record demonstrates that the district court adequately and properly considered the § 3553(a) factors and the advisory Guidelines range. In imposing the sentence at the low end of the guideline range, the district court explicitly acknowledged that the sentence properly considered both the policies of the advisory Guidelines and § 3553(a). The district court also considered the facts as contained in the PSI, so it implicitly considered the nature and circumstances of the offense and history and characteristics of the defendant. *See* 18 U.S.C. § 3553(a)(1). The district court did not need to state on the record its explicit consideration of every § 3553(a) factor. *Scott*, 426 F.3d at 1329. Furthermore, the Guideline range takes into account many of the factors embodied in § 3553(a). *See* 28 U.S.C. § 991(b)(1)(A)

4

(stating that one role of the United States Sentencing Commission is to "assure the meeting of the purposes of sentencing as set forth in" § 3553(a)).

Baez-Berrios's sentence is also at the low end of the Guideline range and significantly lower than the statutory maximum of 20 years. *See Winingear*, 422 F.3d at 1246 (comparing, as one indication of reasonableness, the actual prison term imposed against the statutory maximum). Based on these considerations, we conclude that the sentence is not unreasonable. For the above-stated reasons, we affirm Baez-Berrios's sentence.

**AFFIRMED.**