[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 30, 2006
THOMAS K. KAHN
CLERK

No. 05-14576
Non-Argument Calendar

————————————————

D. C. Docket No. 04-00238-CR-T-17TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REINALDO ROJAS HINESTROZA,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

**(March 30, 2006)**

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

Reinaldo Rojas Hinestroza appeals his 135-month sentence for conspiracy to

possess with intent to distribute and possession with intent to distribute five kilograms or more of cocaine on board a vessel subject to United States jurisdiction, in violation of 46 U.S.C. app. §1903(a), (g), and (j). The sentence was imposed after Hinestroza pled guilty to the indictment, and after a Presentence Investigation Report reflected that he was arrested by the United States Coast Guard on a fishing vessel carrying 4.6 tons of cocaine. Hinestroza was a member of a crew of eight. On appeal, Hinestroza argues that he was a minor participant in the crime, and, therefore, he should have been granted a minor-role reduction pursuant to United States Sentencing Guidelines Manual § 3B1.2. He also argues that, because of the minor role that he played in the offense, his base offense level should have been capped at 30, pursuant to U.S.S.G. § 2D1.1(a)(3). He further appears to argue that based on the factors set forth in 18 U.S.C. § 3553(a), the district court erred by failing to depart downward from the guideline range. The government responds that Hinestroza failed to raise these issues before the district court and is therefore precluded from raising them on appeal; and even if he could, they have no merit.

A defendant who fails to object to the denial of a § 3B1.2 minor-role reduction is precluded from raising the issue on appeal. *See United States v. Asseff*, 917 F.2d 502, 506 n.4 (11th Cir. 1990) (per curiam). "The proponent of the

downward adjustment . . . always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." *United States v. DeVaron*, 175 F.3d 930, 939 (11th Cir. 1999) (en banc).

At the sentencing hearing, Hinestroza stated that "he is a very minor player, a pawn in a very large game in his country . . . I believe that this Court can take it into consideration in creating a reasonable sentence." We find that this statement, without more, is insufficient to raise the minor-role issue in the district court, and therefore he is precluded from raising this issue on appeal. Even if this elliptic argument preserves a § 3B1.2 issue for appeal, it is axiomatic that such a brief and conclusory argument fails to meet his burden required by *DeVaron*.

Additionally, Hinestroza fails to argue in his initial brief that his sentence is unreasonable under *Booker*, and therefore we deem the issue abandoned. *See United States v. Britt*, 437 F.3d 1103, 1105 (11th Cir. 2006) (per curiam) (holding that we need not address issues not raised in an initial brief).

To the extent that Hinestroza is appealing the district court's refusal to sentence him below the guidelines range, we lack jurisdiction over such an appeal. 18 U.S.C. § 3742(a) and (f); *United States v. Wright*, 895 F.2d 718, 719-20 (11th Cir. 1990) (per curiam) (this Court may not review a sentence within the correctly determined guidelines range "unless the sentence was imposed in violation of law,

was based on a misapplication of the guidelines, or was plainly unreasonable and imposed for an offense for which there was no applicable guideline.").

Accordingly, we affirm Hinestroza's sentence.

**AFFIRMED.**