[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15291
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 23, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00124-CR-2-JHH-TMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEDRIC JAVARIS MOORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 23, 2010)

Before TJOFLAT, EDMONDSON and BIRCH, Circuit Judges.

PER CURIAM:

Cedric Javaris Moore pled guilty to both counts of a two-count indictment

charging him, in Count One, with possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and, in Count Two, possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). On October 6, 2009, the district court then sentenced him to consecutive prison terms of 57 months on Count One and 60 months on Count Two. Moreover, the court fashioned Moore's total sentence consecutively to a prior state sentence imposed in Alabama for revocation of probation. Moore raises two arguments on appeal, which we address *seriatim*.

## I.    *Downward Departure*

First, Moore argues that the district court erred in denying his motion for a downward departure from the Guidelines sentencing range because he continues to suffer serious health problems as the result of a gunshot wound that he incurred in July 2008, when he was shot by law enforcement officers during an arrest for robbery in another case. Moore cites a case from the Ninth Circuit Court of Appeals in support of his argument that his residual health problems from being shot by law enforcement constitute continuing punishment for which he should have received a downward departure. He argues that the district court "did not adequately consider the issue of [Moore's] extraordinary physical impairment, and if so, whether those factors justified a downward departure."

We generally lack the authority to review a district court's refusal to issue a downward departure under the Sentencing Guidelines. *United States v. Chigbo*, 38 F.3d 543, 546 (11th Cir. 1994). However, we may review a district court's refusal to make a downward departure if it was based on the court's misapprehension of its statutory authority to depart from the sentencing guideline range. *United States v. Fossett*, 881 F.2d 976, 979 (11th Cir. 1989). In this case, the record reveals that the district court did not erroneously believe that it lacked the authority to depart downward, nor does Moore even raise this argument. We therefore do not review court's refusal to depart downward in this appeal.

## II.  *Reasonableness of Consecutive Sentences*

Next, Moore argues that the court erred by denying his request to fashion his sentences concurrently with those imposed in his other pending cases in state and federal court. He argues, for the first time, that his Alabama state court sentence for revocation of probation was "relevant conduct" under U.S.S.G. § 5G1.3, and the court should have adjusted his sentence under Count One to reflect the three years that he had already served under his state sentence. Alternatively, Moore argues that it was unreasonable under 18 U.S.C. § 3553(a) not to run his total 117 months' sentence concurrently with his prior undischarged state sentence because his criminal history was largely juvenile, his minimum release date for the state

3

sentence will be in 2025, and he was also sentenced in another federal case on the same day that he was sentenced in the present case. In short, Moore argues that the court should have credited his present sentence under Count One for the time he had already served under an Alabama state sentence, or alternatively, fashioned his total sentence "concurrently with either the state sentence, the subsequent federal sentence, or both, so as to achieve a reasonable sentence."

*a. Credit for Moore's undischarged state sentence*

"Where a defendant raises a sentencing argument for the first time on appeal, we review for plain error." *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000). "For the Court to correct plain error: (1) there must be error; (2) the error must be plain; and (3) the error must affect substantial rights." *United States v. Stevenson*, 68 F.3d 1292, 1294 (11th Cir. 1995). We review a district court's interpretation and application of the Sentencing Guidelines *de novo*. *United States v. Amedeo*, 487 F.3d 823, 831 (11th Cir. 2007). "The commentary and application notes of the Sentencing Guidelines are authoritative unless they are plainly erroneous, inconsistent with the regulation they interpret, or contrary to the Constitution or federal law." *United States v. Caraballo*, 595 F.3d 1214, 1230 n.2 (11th Cir. 2010).

The Sentencing Guidelines provide direction regarding the imposition of a

sentence for a defendant who is subject to an undischarged term of imprisonment.

*See* U.S.S.G. § 5G1.3. In pertinent part, sub-section (b) provides that if:

> a term of imprisonment resulted from another offense that is *relevant conduct* to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows: (1) *the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons.*

U.S.S.G. § 5G1.3(b) (emphasis added). However, the application notes provide that subsection (b) does not apply when "the prior offense was a crime of violence for which the defendant received an increased base offense level under § 2K2.1." U.S.S.G. § 5G1.3, comment. (n.2(B)).

Here, Moore did not raise the argument before the district court that his sentence under Count One should have been reduced by the period of imprisonment that he had already served under his Alabama sentence, and thus we review his argument for plain error. Moore's argument is without merit, and he cannot demonstrate any error under U.S.S.G. § 5G1.3(b) because his base offense level was increased due to a prior crime of violence, § 5G1.3(b) does not apply to him, and, therefore, he fails to show any error in the district court's application of

5

U.S.S.G. § 5G1.3(b).

*b. Reasonableness of Moore's sentence*

We review a defendant's sentence for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 46, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). Similarly, we review the imposition of a consecutive sentence for an abuse of discretion. *United States v. Covington*, 565 F.3d 1336, 1346 (11th Cir. 2009).

As we have explained, "[r]eview for reasonableness is deferential." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). "In our evaluation of a sentence for reasonableness, we recognize that there is a range of reasonable sentences from which the district court may choose." *Id.* "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." *Id.*

Section 3553(a) provides that district courts must consider, *inter alia*, (1) the applicable Guideline range; (2) the nature and circumstances of the offense; (3) the history and characteristics of the defendant; (4) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (5) the need for adequate deterrence to criminal conduct; (6) protection of the public from further crimes of the defendant;

6

and (7) the kinds of sentences available. *See* 18 U.S.C. § 3553(a)(1)-(6). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (quotations and alterations omitted). "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under *Booker*." *Talley*, 431 F.3d at 786 (citing to *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). A sentence may be substantively unreasonable "if it does not achieve the purposes of sentencing stated in § 3553(a)." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted). Under 18 U.S.C. § 3584(b), the district court may impose a concurrent or consecutive sentence, provided that the court has considered the factors set forth above under § 3553(a). *See* 18 U.S.C. § 3584(b); *see also* *Covington*, 565 F.3d at 1346-47.

Moore's claim of substantive unreasonableness is without merit; we thus

7

conclude that his sentences are reasonable in light of the record and the § 3553(a) factors. While Moore argues that his sentences are unreasonable by virtue of the district court's decision to fashion his total sentence consecutively with his undischarged state court sentence, the district court explained in detail its reasons for doing so under § 3553(a). Under *Talley*, no further articulation of the court's reasoning was necessary. Based on the § 3553(a) sentencing factors, the court reasonably determined that the sentences should run consecutively to Moore's undischarged Alabama state-sentence. Moreover, the court did not abuse its discretion in declining to fashion its sentences around another pending, but not yet final, federal sentence. In short, Moore's sentences, which are within the Guidelines sentencing ranges, are supported by the § 3553(a) factors, and Moore has not met his burden to show that the court abused its discretion.

AFFIRMED.