[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15596
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 24, 2011
JOHN LEY
CLERK

D.C. Docket No. 9:10-cr-80091-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUADALUPE JUAN FRANCISCO,
a.k.a. Juan Thomas,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 24, 2011)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Guadalupe Juan Francisco appeals his 46-month sentence, imposed

following his guilty plea to illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2). On appeal, he challenges the district court's decision not to vary or depart downward from the sentencing guideline range. He also argues that his sentence was unreasonable. After careful review, we affirm.

Under the terms of a written plea agreement, Francisco pleaded guilty to one count of illegal reentry. He admitted that he had been previously removed from the United States in May 2009 following his conviction for attempted aggravated assault with a deadly weapon and that he reentered the United States without permission. The statutory maximum sentence Francisco faced was 20 years' imprisonment. 8 U.S.C. § 1326(a), (b).

The probation officer calculated Francisco's guideline range as 46 to 57 months' imprisonment based in part on a 16-level increase that resulted from his prior conviction. In the presentence investigation report (PSI), the probation officer noted numerous unscored convictions, as well as convictions for aggravated assault with a deadly weapon in 2002 and attempted aggravated assault with a deadly weapon in 2006. The probation officer also noted that Francisco had illegally immigrated to the United States from Guatemala with his family as a child, he was divorced and had three children, and he suffered from alcohol and substance abuse.

Francisco requested a downward variance from the guideline range because the 16-level increase overstated the seriousness of his prior offense and because the guideline, U.S.S.G. § 2L1.2, was inherently unreasonable. He also requested a departure or variance based on cultural assimilation because he had been a U.S. resident since childhood, he had no family or friends in Guatemala, and there were no employment opportunities there.

At sentencing, the court considered Francisco's requests but concluded that no variance or departure was warranted. The court explained that criminal history was an important factor in determining a sentence and that although there was clear authority permitting a court to depart or vary its sentence based on assimilation, this should be done in the "rarest of cases." The court noted Francisco's extensive criminal history, which included episodes of violence and found that the risk of further criminal activity made a departure inappropriate. After considering the PSI, the advisory guideline range, and the parties' arguments, the court declined to depart or vary downward from the guideline range and sentenced Francisco to 46 months' imprisonment.

On appeal, Francisco argues that the district court misunderstood its authority and erroneously rejected a departure based on the court's personal theory that such a departure would undermine U.S. removal policies. Francisco also

argues that his 46-month guideline sentence is both procedurally and substantively unreasonable because the district court failed to consider and weigh the factors relating to cultural assimilation.

A. Downward Departure

We generally lack the authority to review a district court's refusal to issue a downward departure under the sentencing guidelines. *United States v. Chigbo*, 38 F.3d 543, 546 (11th Cir. 1994). But we may review a district court's refusal to make a downward departure if it was based on the court's misapprehension of its statutory authority to depart from the sentencing guideline range. *United States v. Fossett*, 881 F.2d 976, 979 (11th Cir. 1989). Here, our review of the record shows that the district court understood it had the authority to depart but that it did not find a departure warranted under the facts of the case. Given that the district court understood its authority to depart, we will not review the court's refusal to make a downward departure.

II. Reasonableness

We review the reasonableness of sentences imposed under the advisory Sentencing Guidelines under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). The burden of establishing unreasonableness lies with the party challenging the sentence. *United States v. Talley*, 431 F.3d 784,

788 (11th Cir. 2005).

In reviewing the reasonableness of a sentence, we first must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors,[1] selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall,* 552 U.S. at 51.

After we determine that the district court's sentencing decision is procedurally sound, we then review the substantive reasonableness of the sentence for abuse of discretion. *Id.* A district court's unjustified reliance on a single factor "may be a symptom of an unreasonable sentence." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). But significant reliance on a single factor does not necessarily make the sentence unreasonable. *Id*. at 1192; *see Gall*, 552 U.S. at 56-57 (holding that a district court did not commit reversible error because it

---

[1] Under § 3553(a), the sentencing court shall impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). The sentencing court must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7).

"attached great weight" to one factor).  We have held that "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors."  *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (quotations and alteration omitted).

Although we do not automatically presume a sentence within the guideline range is reasonable, "we ordinarily will expect that choice to be a reasonable one."  *Talley*, 431 F.3d at 788; *see also United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).  When reviewing a sentence for reasonableness, we evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing under 18 U.S.C. § 3553(a).  *Talley*, 431 F.3d at 788.  Nothing "requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors."  *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).  A reflection in the record that the district court considered the arguments of the parties and stated reasons for the sentence imposed can demonstrate that the court considered the § 3553(a) factors.  *Id*. at 1330.  A district court's rationale is legally sufficient where the record makes clear that it has considered the evidence and the arguments.  *Rita v. United States*, 551 U.S. 338, 359 (2007).

There may be cases in which a downward departure is appropriate on the basis of cultural assimilation, but such a departure should be considered only in cases where:

> (A) the defendant formed cultural ties primarily with the United States from having resided continuously in the United States from childhood, (B) those cultural ties provided the primary motivation for the defendant's illegal reentry or continued presence in the United States, and (C) such a departure is not likely to increase the risk to the public from further crimes of the defendant.

U.S.S.G. § 2L1.2, comment. (n.8) (2010). In determining whether a departure on the basis of cultural assimilation is appropriate, the court should consider, among other things:

> (1) the age in childhood at which the defendant began residing continuously in the United States, (2) whether and for how long the defendant attended school in the United States, (3) the duration of the defendant's continued residence in the United States, (4) the duration of the defendant's presence outside the United States, (5) the nature and extent of the defendant's familial and cultural ties inside the United States, and the nature and extent of such ties outside the United States, (6) the seriousness of the defendant's criminal history, and (7) whether the defendant engaged in additional criminal activity after illegally reentering the United States.

*Id.*

On review of the record, we conclude that the district court made no procedural error in this case. Although Francisco argues that the court procedurally erred in failing to consider the factors for cultural assimilation, the

7

record indicates that the court considered the parties' arguments addressing those factors but determined, in its discretion, that a departure or variance was not warranted.

As to substantive reasonableness, Francisco has not presented evidence that his 46-month sentence was unreasonable under the totality of the circumstances. The court noted Francisco's criminal history, which included several violent offenses, and considered the risk that Francisco would commit future crimes. The sentence imposed was at the low end of the guideline range and was well below the statutory maximum sentence. *United States v. Valnor*, 451 F.3d 744, 751-52 (11th Cir. 2006) (upholding sentence as reasonable in part because it was "appreciably below the length of the statutory maximum"). The district court's sentence met the purposes set forth in § 3553(a) and the court did not abuse its discretion in weighing those factors. Accordingly, Francisco's sentence is

**AFFIRMED.**