[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13879
Non-Argument Calendar

_____

D.C. Docket No. 8:15-cr-00069-SDM-AEP-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VLADIMIR CASTANEDA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 21, 2016)


Before JORDAN, JULIE CARNES, and EDMONDSON, Circuit Judges.

PER CURIAM:

Vladimir Castaneda appeals his total 235-month sentence, imposed at the low end of the advisory guideline range, after pleading guilty to one count of conspiracy to distribute and possess with intent to distribute methamphetamine ("Count 1"), one count of distribution of 500 grams or more of methamphetamine ("Count 2"), and one count of possession with intent to distribute methamphetamine ("Count 3").  On appeal, Castaneda first argues that the district court erred in failing to award him a minor-role reduction -- pursuant to U.S.S.G. § 3B1.2(b) -- and thereby imposed a procedurally unreasonable total sentence. Second, Castaneda argues that the court erred in denying his request for a downward departure, on his criminal history category.

I.

We review a district court's determination of a defendant's role in the offense for clear error.  *United States v. Rodriguez DeVaron*, 175 F.3d 930, 937 (11th Cir. 1999).  Further explaining this standard, we made this statement:

> . . . a trial court's choice between two permissible views of the evidence is the very essence of the clear error standard of review. So long as the basis of the trial court's decision is supported by the record *and* does not involve a misapplication of a rule of law, we believe that it will be rare for an

2

appellate court to conclude that the sentencing court's determination is clearly erroneous.

*Id.* at 945. (citation and quotation omitted) (emphasis in original).

A district court may decrease a defendant's offense level by two levels if it finds the defendant was a "minor participant" in the criminal activity. U.S.S.G. § 3B1.2(b). A "minor participant" is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5). "The proponent of the downward adjustment . . . always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." *DeVaron*, 175 F.3d. at 939.

In determining whether a minor-role adjustment applies, the district court must consider two principles: "first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." *Id.* at 940. For the first element of the *DeVaron* analysis, we have explained that, "[o]nly if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable -- not a minor role in any larger criminal conspiracy -- should the district court grant a downward adjustment for minor role in the offense." *Id.* at 944.

For the second element of the *DeVaron* analysis, we have determined that a district court should look to other participants only to the extent that they (1) "are

3

identifiable or discernable from the evidence," and (2) "were involved in the relevant conduct attributed to the defendant." *Id.* We have recognized, however, that the first element set forth in *DeVaron* may, in many cases, be dispositive. *Id.* at 945.

We review the procedural reasonableness of a sentence under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007). However, "the degree of deference that is due varies with the type of procedural error alleged." *United States v. Ellisor,* 522 F.3d 1255, 1273 n.25 (11th Cir. 2008). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.* A sentence can be procedurally unreasonable if the district court makes errors "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.

Here, the record supports the district court's finding that Castaneda was not entitled to a minor role reduction. Under *DeVaron*, Castaneda played a substantial role in the relevant conduct on which he was sentenced. In particular, he

4

frequently distributed large quantities of methamphetamine; and during the year before his arrest, he delivered 10 to 15 pounds of methamphetamine to his co-conspirator approximately 20 times.  Castaneda admitted to participating in the conspiracy.  The district court could have inferred from the totality of the circumstances that Castaneda played a substantial role in the conspiracy.  The record supports the district court's finding that Castaneda was no minor participant relevant to the conduct for which he was held accountable.  The district court's decision was not clearly erroneous.

In addition, the district court's decision not to apply the minor-role reduction is otherwise supported under *DeVaron,* even if Castaneda's culpability is compared to the other participants. While Castaneda argues that he was the least culpable person in the conspiracy, that assertion is belied by his uncle's statement that Castaneda recruited and paid him to participate in the offense.  Furthermore, even if another co-conspirator (Hendricks) was "the leader and mastermind," the record shows that Castaneda knowingly distributed a substantial amount of methamphetamine over the course of a year.  Castaneda appears to be more of an average participant than a minor player.  Even if he was less culpable than another conspirator, given the evidence of Castanada's involvement, the district court did not clearly err in denying Castaneda a minor-role reduction.  *See DeVaron*, 175 F.3d at 944 ("The fact that a defendant's role may be less than that of other

5

participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none are minor participants").

Second, the court did not abuse its discretion and impose a procedurally unreasonable sentence. The court did not err in calculating Castaneda's guideline range, properly determining that he did not qualify for a minor role reduction. Nothing indicates that the court treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to adequately explain the chosen sentence. *See Gall*, 552 U.S. at 51, 128 S. Ct. at 597. Castaneda's sentence was not procedurally unreasonable. *See id.*

## II.

If reliable information indicates that a defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted. U.S.S.G. § 4A1.3(b)(1). In general, however, a defendant may not appeal a district court's refusal to depart downward. *United States v. Fossett*, 881 F.2d 976, 979 (11th Cir. 1989). A defendant may appeal the court's failure to depart downward on the ground that the court erroneously believed it lacked the authority to depart, but this Court will assume that the district court understood it

had authority to depart downward where nothing indicates that it misapprehended its authority. *United States v. Hansen*, 262 F.3d 1217, 1255 (11th Cir. 2001). Further, issues not briefed on appeal are generally deemed abandoned. *Carmichael v. Kellogg, Brown, & Root Serv., Inc.*, 572 F.3d 1271, 1293 (11th Cir. 2009).

There is no indication in the record that the district court misapprehended its authority to depart downward. So as we see it, the court was authorized to depart downwardly; and the sentencing court concluded that such a departure was unwarranted because Castaneda's criminal history did not merit such treatment under § 4A1.3(b)(1). This decision is not reviewable.

**AFFIRMED.**