United States Court of Appeals,

Eleventh Circuit.

No. 95-4425

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Rudolph McFARLANE, Defendant-Appellant.

March 8, 1996.

Appeal from the United States District Court for the Southern District of Florida. (No. 93-512-CR-UUB), Ursula Ungaro-Benages, Judge.

Before KRAVITCH, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

In this appeal, Rudolph McFarlane argues that the district court erroneously denied his request for a two-level downward departure from the otherwise applicable Sentencing Guideline range. Normally, a defendant cannot appeal a district court's failure to grant a downward departure. Where, as here, a defendant argues that the district court believed it did not have discretion to grant such a departure, however, we may consider the appeal. *United States v. Fossett,* 881 F.2d 976, 979 (11th Cir.1989).

McFarlane's counts of conviction contained a statutory mandatory minimum sentence of 60 months. The district court, however, imposed a sentence of 57 months (the low end of the Guideline range), three months below the mandatory minimum through application of U.S.S.G. § 5C1.2, a Guideline section reflecting congressional legislation set forth at 18 U.S.C. § 3553(f). Section 5C1.2 allows courts to sentence those defendants who meet

certain criteria without regard for any statutory minimum sentence. It is not disputed that McFarlane met the criteria set forth in § 5C1.2.

McFarlane argues that the district court erroneously concluded that it did not have authority to sentence him below the Guideline range after applying § 5C1.2. McFarlane contends that because a straightforward application of § 5C1.2 has little effect on his sentence (reducing it by only three months), the legislative intent of 18 U.S.C. § 3553(f) is not reflected in his resulting sentence and the statute is rendered meaningless in his case. Specifically, McFarlane argues that in passing the part of the 1994 Violent Crime Control and Law Enforcement Act, which is codified at 18 U.S.C. § 3553(f), Congress intended courts to give those first-time offenders who meet the statutory criteria a two-level reduction in their Guideline offense levels.

In support of this argument McFarlane notes that after the incorporation of § 5C1.2, the Guideline Commission proposed an amendment to the Guidelines now in existence at § 2D1.1(b)(4). The amendment directs sentencing courts to decrease a defendant's offense level by two if a defendant meets the criteria listed in § 5C1.2 and has an offense level of 26 or greater. McFarlane argues that the Commission's proposal supports his contention that Congress intended courts to give offenders a two-level reduction in their Guideline offense levels.[1]

---

[1]McFarlane notes that in *United States v. Smith,* 51 F.3d 980 (11th Cir.1995), this court held that proposed amendments to Sentencing Guidelines could be considered subsequent legislative history in the analysis of prior Application Notes. Thus, this court, according to McFarlane, should consider § 2D1.1(b) as

McFarlane's argument lacks merit.  Nothing in the text of 18 U.S.C. § 3553(f) indicates that Congress intended a two-level decrease for any defendants who meet the statutory criteria, even for those who might benefit only marginally from the Act.  The intent, clear from the face of the Act, is to provide a "safety valve" so that less culpable offenders are not subject to mandatory minimums.  The statute does not indicate, in any way, that Congress sought to prescribe departures below or decreases in the otherwise applicable Guideline offense levels.[2]  The Commission's decision to propose what is now § 2D1.1(b)(4), which provides for a two-level decrease in offense levels for certain defendants, does not speak to the congressional intent behind § 5C1.2.  Rather, it indicates only that the Commission has discretion to propose changes to the guidelines when it sees fit and where statutory limits allow.

McFarlane further argues that a discretionary downward departure would be available in this case pursuant to § 5K2.0,

---

subsequent legislative history with respect to § 5C1.2.  *Smith* does not apply here;  *Smith* involved a case where a proposed amendment was an attempt to clarify an earlier portion of the Guidelines.  Section 2D1.1(b) does not purport to clarify § 5C1.2;  rather, it adds an entirely new substantive provision to the Guidelines.

[2]The text of the Act reads in pertinent part as follows:

*Limitation on applicability of statutory minimums in certain cases.*—Notwithstanding any other provision of law, in the case of an offense under Section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) or section 1010 or 1013 of the Controlled Substances Import and Export Act ... *the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence....*

18 U.S.C. § 3553(f) (emphasis added).

which authorizes downward departures for mitigating circumstances of a kind or to a degree not adequately taken into account by the Commission in formulating the Guidelines. He specifically claims that a discretionary departure would be justified in this case due to the Commission's failure to reflect congressional intent to provide for a two-level reduction for first-time offenders whose offense level was 26 or greater. As noted above nothing on the face of the statute indicates such congressional intent. Thus, the basis for a discretionary downward departure offered by McFarlane was not available to the district court.

The government acknowledges that were the Sentencing Commission to make § 2D1.1(b)(4) retroactive, McFarlane could seek to be resentenced pursuant to the new Guideline. The Commission did not make the amendment retroactive, as indicated by the amendment's absence from § 1B1.10's retroactivity provision.

For the foregoing reasons, McFarlane's sentence is AFFIRMED.[3]

---

[3]Appellant's request for oral argument is denied.