[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16254
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00437-CR-WSD-6-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE BENITEZ-GARCIA,
a.k.a. Jose Benites,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 16, 2010)

Before BARKETT, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Jose Benitez-Garcia appeals his 72 month sentence for: (1) conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B)(ii) and (iii) (Count One); (2) possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii) (Count Two); and (3) possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) (Count Three). He argues that the district court erred by denying him the benefit of the safety-valve provision under U.S.S.G. 5C1.2(a). Upon review of the record and the parties' briefs, we affirm Benitez-Garcia's sentences.

## I.

Benitez-Garcia argues that despite receiving a firearm sentencing enhancement, he was entitled to safety-valve relief under U.S.S.G. § 5C1.2(a) because he did not actually or constructively possess the firearms found in his bedroom. Benitez-Garcia asserts that because Lorenzo Hernandez-Villegas, another co-conspirator, confessed to owning the firearms, he was unable to exercise control or ownership over the guns. He argues that mere presence inside of the bedroom containing the firearms does not constitute "possession."

"When reviewing the denial of safety-valve relief, we review for clear error a district court's factual determinations." *United States v. Johnson*, 375 F.3d

1300, 1301 (11th Cir. 2004) (per curiam) (citation omitted). "We review de novo the court's legal interpretation of the statutes and sentencing guidelines." *Id.* (citation omitted). The burden of proving eligibility for safety-valve relief is on the defendant. *Id.* at 1302.

Under U.S.S.G. § 2D1.1(b)(11), Benitez-Garcia is permitted a two-level reduction if he qualifies for all five of the safety-valve provisions under § 5C1.2(a). To qualify for safety-valve relief under § 5C1.2(a), the defendant must show, among other things, that he "did not . . . *possess* a firearm or other dangerous weapon (or induce another participant to do so) *in connection* with the offense." U.S.S.G. § 5C1.2(a); 18 U.S.C. § 3553(f)(2) (emphasis added). The purpose of the safety-valve provision is to ensure that less culpable offenders are not subject to statutory mandatory minimums. *United States v. McFarlane*, 81 F.3d 1013, 1014 (11th Cir. 1996) (per curiam).

A defendant can possess a firearm through both actual and constructive possession. *United States v. Gunn*, 369 F.3d 1229, 1235 (11th Cir. 2004) (per curiam). A defendant has actual possession of a firearm when he has "direct physical control" over the item. *Id.* at 1235 (citation and quotation omitted). A defendant has constructive possession if he exercises "ownership, dominion, or control" over the firearm. *Id.* (citation and quotation omitted); *see United States v.*

*Martinez*, 588 F.2d 495, 498 (5th Cir. 1979) (citation and quotation omitted) (constructive possession if one has dominion or control of the place of concealment of the contraband). Constructive possession also exists when a person "has knowledge of the thing possessed coupled with the ability to maintain control over it or reduce it to his physical possession even though he does not have actual personal dominion." *United States v. Wynn*, 544 F.2d 786, 788 (5th Cir. 1977) (citation and quotation omitted); *Martinez*, 558 F.2d at 498 (stating that "in essence, constructive possession is the ability to reduce an object to actual possession").

After review of the record, we hold that the district court did not clearly err in finding that Benitez-Garcia had possession of the firearms. Benitez-Garcia had constructive possession of the firearms because he had knowledge of the firearms coupled with the ability to maintain control over them since they were located and concealed inside his bedroom. Because neither of the parties objected to the facts in the PSI, we find no error with the district court's reliance on its facts. The facts of the PSI contradict Benitez-Garica's assertion that Hernandez-Villegas claimed ownership of the firearms, or that Hernandez-Villegas later retracted these

statements.[1]  Accordingly, we conclude that Benitez-Garcia failed to carry his burden, and we find no reversible error on this issue.

## II.

Next, Benitez-Garcia argues for the first time on appeal, that there was no proof that he possessed the firearms "in connection" with the underlying drug offenses and cites to a case concerning nexus.

"When a defendant fails to object to an error before the district court, we review the argument for plain error." *United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005) (per curiam) (citation omitted).  This includes circumstances in which a party objects to a trial court's ruling on a specific ground and subsequently attacks the ruling via a different argument on appeal.  *United States v. Puche*, 350 F.3d 1137, 1148–49 n.5 (11th Cir. 2003) (citation omitted).  Plain error exists if defendant satisfies his burden of showing that there was (1) error,

---

[1]  Benitez-Garcia argues that in *United States v. Clavijo*, this Court held that a defendant is eligible for safety-valve relief even if the firearm is possessed by a co-conspirator. *See* 165 F.3d 1341, 1343 (11th Cir. 1999) (per curiam).  He thus argues that because Hernandez-Villegas allegedly stated that he owned the guns, he is still eligible for safety-valve relief.  However, *Clavijo* is distinguishable from the instant case because the record does not indicate that the firearm was actually possessed by anyone.  Neither did the district court impute possession onto Benitez-Garcia as a co-conspirator.  *Id*. (holding that "possession" does not include reasonably foreseeable possession of a firearm by co-conspirators).  Rather, in the instant case, the district court found that Benitez-Garcia had constructive possession of the firearm because he was aware of the firearm and its location in the room where he tested cocaine prior to the police's arrival. Doc. 170 at 29, 32–33.

(2) that is plain, and (3) that affects the defendant's substantial rights. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007) (citation and quotation omitted). If the first three prongs are satisfied, this Court has the discretion to remedy the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation and quotation omitted). Regarding the second prong, we have held "there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Castro*, 455 F.3d 1249, 1253 (11th Cir. 2006) (per curiam) (citation and quotation omitted).

Although Benitez-Garcia asserts on appeal that there is no evidence that he possessed the firearms "in connection with" the underlying drug offenses, the record shows that Benitez-Garia did not raise an issue concerning nexus between the crime and possession of the gun before the district court. The record reflects that Benitez-Garcia's objection was based on the contention that he did not actually or constructively possess the firearms. Thus, Benitez-Garcia has failed to appropriately preserve the "in connection with" argument on appeal. *See* Fed. R. App. P. 28(a)(9)(A). Therefore, we will assess Benitez-Garcia's "in connection with" argument for plain error.

While Benitez-Garcia argues that there is no evidence that he possessed the firearms "in connection" with the drug offenses, he does so in a conclusory manner. On appeal, we require appellants to not only state their contentions to us, but also give the "reasons for them, with the citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A); *Love v. Deal*, 5 F.3d 1406, 1407 n.1 (11th Cir. 1993) (citing *Harris v. Plastics Mfg. Co,*, 617, F.2d 438, 440 (5th Cir. 1980) (per curiam)) (where an issue raised but not argued, deemed abandoned). Benitez-Garcia's cursory restatement of the issue followed by case citations fail to raise the issue sufficiently for discussion here and is deemed abandoned.[2] Accordingly, we affirm the district court's denial of the safety-valve relief.

**AFFIRMED.**

---

[2] Even if the issue had been properly briefed, there is no plain error. *See Castro*, 455 F.3d at 1253.